383 Mass. 796 (1981)
422 N.E.2d 779
DONALD S. WHITTLE & another
vs.
PAGANI BROTHERS CONSTRUCTION CO., INC.; SCOTT-PRESCOTT CORP. & others, third-party defendants.
Supreme Judicial Court of Massachusetts, Plymouth.
March 4, 1981.
June 29, 1981.
Present: BRAUCHER, LIACOS, ABRAMS, & NOLAN, JJ.
Francis J. Gallagher, Jr., for Pagani Brothers Construction Co., Inc.
David D. Dowd for Scott-Prescott Corp. & another.
Joseph L. Doherty, Jr., for St. Paul Fire & Marine Co.
*797 BRAUCHER, J.
An employee of a subcontractor on a contract for alterations in a school fell off a ladder and was injured. He received workers' compensation benefits from the subcontractor's insurer, and he and his wife sued the contractor for damages, claiming that the injuries were caused by the contractor's negligence. The contractor filed a third-party complaint against the subcontractor and two insurance companies, claiming that the subcontractor had expressly contracted to indemnify the contractor and that the insurers, by a certificate of insurance, agreed to assume the subcontractor's contractual obligation. On motions of the third-party defendants, the third-party complaint was dismissed by a judge in the Superior Court, "there being no just cause for delay." We transferred the contractor's appeal to this court on our own motion, and we reverse the judgment of dismissal. We hold that the contractor has sufficiently alleged an express contract of indemnity, and that such a contract is valid and enforceable. The motions of the insurance companies are to be reconsidered in the light of this decision.
The contractor, Pagani Brothers Construction Co., Inc., entered into a contract with the town of Scituate to repair and remodel a school. The contract made use of "General Conditions" published by the American Institute of Architects, and included the same Paragraph 4.18.1 set forth in Shea v. Bay State Gas Co., ante 218, 224 n. 9 (1981).[1] In addition, Paragraph 11.1.1 required the contractor to *798 maintain liability insurance protecting it from bodily injury claims which might arise out of operations under the contract, Paragraph 11.1.2 specifically included "contractual liability insurance as applicable to the Contractor's obligations under Paragraph 4.18," and Paragraph 11.1.3 required that certificates of such insurance be filed with the owner before work began.
The subcontractor, Scott-Prescott Corp., made a subcontract with the contractor for the heating and ventilating work. The subcontract incorporated by reference the contract between the contractor and the town, and included the following: "The Subcontractor agrees ... to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the Town of Scituate hereinafter called the `Awarding Authority', except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor." Pursuant to Paragraph 11.1.3 of the General Conditions of the contract, the subcontractor submitted to the contractor a "certificate of insurance" issued by an agent of Insurance Company of North America and St. Paul Fire & Marine Company providing "specific contractual liability coverage" as respects the heating and ventilating for the Scituate school contract.
The contractor makes no claim for contribution or for indemnity based on any statutory or common law tort theory. See Liberty Mut. Ins. Co. v. Westerlind, 374 Mass. 524, 526-527 (1978). If relies entirely on its claim of an express contract of indemnity. Some of our older cases lay down a rule of strict construction for claims of indemnity covering the negligence of the indemnitee, but our modern rule is that such contracts are to be fairly and reasonably construed to ascertain the intention of the parties and to effectuate their purpose. Shea v. Bay State Gas Co., ante 218, 221-223 (1981), and cases cited. There is no question that the indemnity provision in the contract between the town and the contractor is broad enough to cover concurrent negligence of indemnity and indemnitee. Id. at 223-225.
*799 We think the language of the subcontract is sufficient to impose a like indemnity obligation on the subcontractor. Similar language was held to have this effect in Arthur Pew Constr. Co. v. Bryan Constr. Co., 148 Ga. App. 114 (1978). The natural reading of the subcontract language is to impose the same obligations on the subcontractor to indemnify the contractor against claims arising out of the performance of the subcontract as the main contract imposes on the contractor to indemnify the town against claims arising out of the performance of the main contract. See United States Fidelity & Guar. Co. v. Mason & Dulion Co., 274 Ala. 202, 209 (1962). Thus the contractor would be obligated to indemnify the town against a claim for damages for personal injuries to an employee of the contractor caused by the concurrent negligence of the contractor and the town. If so, the subcontract clause imposes an obligation on the subcontractor to indemnify the contractor against a claim for personal injuries to an employee of the subcontractor caused by the concurrent negligence of the subcontractor and the contractor. That is the present case.
The subcontractor contends that the contractor agreed to indemnify the town, the architect, and their agents and employees, while the subcontractor assumed only the obligations that the contractor assumed to the town. Thus, the subcontractor contends, its indemnity obligation is strictly limited to claims against the town, and no claim has been made against the town in the present action. No sensible reason is suggested for such a limitation, and we think it would rob the provision of its vitality and deny it a sensible practical construction. See Shea v. Bay State Gas Co., ante 218, 223-224 (1981), and cases cited.
The question remains whether the subcontractor's indemnity contract is enforceable in view of G.L.c. 152, § 23, releasing it from all tort claims of the employee. We have noted that the majority rule enforces such contracts, but in the cases where the issue was raised the evidence did not warrant a finding that there was such an agreement, and we have never decided the issue. See New Bedford Gas & *800 Edison Light Co. v. Maritime Terminal, Inc., 380 Mass. 734, 735 (1980), and cases cited; 2A A. Larson, Workmen's Compensation §§ 76.00, 76.41 (1976 & Supp. 1981); Annot., 100 A.L.R.3d 350, 379-384 (1980). We now follow the majority rule. Accord, Roy v. Star Chopper Co., 584 F.2d 1124, 1132 (1st Cir.1978), cert. denied, 440 U.S. 916 (1979) (Massachusetts law).
The judge dismissed the third-party complaint against both the subcontractor and the two insurance companies. She gave no reasons, and it may be that the claims against the insurers were thought to be premature under G.L.c. 214, § 3 (9). The contractor argues that it became an insured by virtue of the certificate of insurance. Cf. Shea v. Bay State Gas Co., ante 218, 220-221 (1981). If so, impleader may be proper under Mass. R. Civ. P. 14 (a), 365 Mass. 760 (1974). Compare Jenkins v. General Accident Fire & Life Assurance Corp., 349 Mass. 699, 701 (1965), with Tessier v. State Farm Mut. Ins. Co., 458 F.2d 1299, 1300 (1st Cir.1972). The record and briefs before us do not present this issue in a form which enables us to deal with it confidently, and we leave it for reconsideration on remand.
The judgment is reversed and the case remanded for further proceedings consistent with this opinion.
So ordered.
NOTES
[1] "The Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder."