**Adalberto FONTES, Plaintiff,**

v.

**HARRIS CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**SOUTH SHORE PUBLISHING CO., INC., Third-Party Defendant.**

Civ. A. No. 84–3402–C.

United States District Court,
D. Massachusetts.

April 18, 1985.

Brian J. Mone, Mone & Mathers, Brockton, Mass., for plaintiff.

Thomas J. Giffin, Jr., Paul E. Nemser, Goodwin, Procter & Hoar, Boston, Mass., for defendant and third-party plaintiff.

Michael J. Stone, Mary Ann E. Rousseau, James L. Bryant, Fine & Ambrogne, Boston, Mass., for South Shore Pub. Co., Inc.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a diversity case in which plaintiff Adalberto Fontes seeks recovery for personal injury allegedly incurred while operating a printing press at his place of employment. He initiated the litigation against Harris Corporation ("Harris"), the manufacturer of the press, by means of a complaint which purports to state claims for negligence and breach of warranty. Defendant Harris then filed a third-party action against South Shore Publishing Co., Inc., ("South Shore"), Fontes' employer. The third-party complaint claims indemnity from South Shore on two theories: (1) that South Shore expressly agreed to indemnify Harris from liability; and (2) that on the basis of the terms of the sales contract, supplemented by the understandings of the parties, "South Shore promised, and undertook the responsibility, to provide for and insure the safety of its employees who used or operated the press." Harris avers that count II amounts to an implied contract by South Shore to indemnify Harris. The matter is now before the court on South Shore's motion to dismiss the second

theory, implied indemnity, for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

 Both Harris and South Shore agree that the relevant portion of the contract reads as follows:

> "Purchaser agrees to indemnify seller against all claims, arising out of or resulting from the erection, operation or use of the equipment, whether on account of negligence or otherwise, except those asserted by seller's employees."

South Shore contends that the claim set forth in Count II is barred by the Massachusetts Workman's Compensation Act ("Act"). M.G.L. c. 152. Pursuant to § 23 of the Act, the general rule is that an employer is not liable to indemnify a third person for damages for injury to the employer's employee. *E.g. Correia v. Firestone Tire & Rubber Co.,* 388 Mass. 342, 446 N.E.2d 1033 (1983); *Liberty Mutual Ins. Co. v. Westerlind,* 374 Mass. 524, 373 N.E.2d 957 (1978). There is a Massachusetts exception to this rule where the employer has made an express agreement to indemnify the third person. *Whittle v. Pagani Bros. Const. Co.,* 383 Mass. 796, 422 N.E.2d 779 (1981). The Massachusetts Supreme Judicial Court has yet to speak definitively on the question of whether or not a right to indemnification based on implied contract to indemnify affords a basis of recovery in Massachusetts. The Court of Appeals for the First Circuit, however, has intimated that there may be circumstances in which a contractual right to indemnity will be implied, i.e. when there are "unique special factors" demonstrating that the parties intended that the putative indemnitor bear the ultimate liability. *Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Auth.,* 693 F.2d 1 (1st Cir.1982).

 I rule that the motion to dismiss the claim for indemnity based on the implied agreement to indemnify should be denied at this time as being premature, said denial to be without prejudice to the renewal of the motion when the record has been more fully developed upon the completion of pre-trial discovery.

Order accordingly.