Houston, J.
INTRODUCTION
This matter is before the court on the motion for summary judgment of third-pariy defendant/fourth-party plaintiff Designed Wall Systems, Inc. (DWS). In the underlying action, plaintiff Stephen MacDonald (MacDonald) brought suit against Beacon Corporation (Beacon) after he was injured at a construction site on which Beacon was the general contractor. Beacon then impleaded two of its subcontractors, DWS and Titan Roofing Corp. (Titan), as third-party defendants, making claims for contribution and indemnification. DWS, seeking indemnification, impleaded two of its subcontractors, Prime Steel Erecting, Inc., who has since been allowed out on summary judgment, and Cape Cod Lathing and Plastering, Inc. (Cape Cod). DWS now seeks summary judgment on the grounds that no negligence on its part contributed to MacDonald’s injuries and/or that the provisions of M.G.L.c. 149, §29C void wholly or in part the indemnification clause in the contract between Beacon and DWS. Both Beacon and Titan oppose this motion. For the following reasons, DWS’s motion is denied as to Counts I and II and is allowed in part on Count III.
BACKGROUND
The following are the undisputed facts as taken from the parties’ pleadings, affidavits and depositions. Beacon was hired as the general contractor on the Guest Quarters Suite Hotel in Waltham, Massachusetts. In 1988, Beacon entered into a subcontract with DWS to install certain wall panels at the project. This subcontract included an indemnification clause providing that DWS would indemnify Beacon for any claims for injury caused by any “negligent act or omission of the subcontractor, anyone directly or indirectly employed by him or anyone for whose acts [DWS] may be liable, regardless of whether or not it is caused in part by a party indemnified here under.” The contract further provided that DWS was to coordinate its work with others on the site, have a foreman on site during performance of the subcontract, and clean up and remove its rubbish and debris from the site.
DWS, in turn, entered into a subcontract with Cape Cod to perform plastering on the site. This contract included an indemnity provision and a requirement that Cape Cod keep the work area dean. At the time of his accident, MacDonald was an employee of Cape Cod, and was working on the roof of the building. The roof had been covered by a large rubber membrane, with areas where the roof beneath the cover had been cut out in preparation for the installation of vents or other items marked by a large “X.” MacDonald was injured when he stepped on one of these areas, lost his balance and fell. He admits he was not looking where he was going and there is evidence that the markings on the cover were obscured by debris resulting from work in the area.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Where the moving party does not cany the burden of proof at trial, the absence of a triable issue may be shown by either 1) submitting affirmative evidence that negates an essential element of the opponent’s case or, 2) “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); see Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
DWS argues that it is entitled to judgment as a matter of law because there is no evidence that any negligence on the part of DWS, or its agents, servants or employees in any way contributed to MacDonald’s injuries. Alternatively, DWS argues that the indemnify clause in its contract with Beacon is void under M.G.L.c. 149, §29C because it requires DWS to indemnify Beacon for Beacon’s own negligence. For the following reasons, DWS’s motion for summary judgment is allowed only as to the specific phrase requiring that DWS indemnify Beacon for Beacon’s own negligence.
An indemnity provision, like a contract in general, is to be “fairly and reasonably construed to ascertain the intention of the parties and to effectuate their purpose.” Whittle v. Pagani Bros. Constr. Co., 383 Mass. 796, 798 (1981), citing Shea v. Bay State Gas Co., 383 Mass. 218, 221-23 (1981). In the present case, the indemnity clause in the Beacon-DWS contract provides that DWS will indemnify Beacon for any damages or personal injury caused wholly or in part by DWS, anyone directly or indirectly employed by DWS, or anyone else for whom DWS may be liable.
DWS first argues it is not liable because DWS itself was in no way responsible for the conditions on the roof which caused MacDonald’s accident. However, given the provisions of the Beacon-DWS subcontract, including but not limited to DWS’s duties to coordinate its work on the site with the work of others, to provide *242 a foreman to oversee work under the subcontract, to clean up and remove rubbish and debris from the site and to inspect its work under the contract, it remains a question of fact whether DWS breached any of these duties and, in turn, whether any such breach contributed to MacDonald’s injury. Additionally, the mere fact that DWS may not have been negligent itself -will not excuse it from liability where it has expressly agreed to indemnify Beacon for the negligence of those for whom DWS is responsible. See Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626, 629-30 (1991). Therefore, summary judgment is denied as to Count I for contribution and Count II for common law indemnification.
DWS further argues that under the terms of the contract no negligence has been shown on the part of any other party for whom DWS may be liable. However, giving it a fair and reasonable construction, the term “anyone directly or indirectly employed” by DWS is clearly broad enough to include subcontractors hired by DWS, such as Cape Cod. Therefore, because there exists evidence of negligence on the part of Cape Cod and MacDonald, DWS may be required to indemnify Beacon pursuant to the terms of the contract.
Finally, DWS argues that, pursuant to M.G.L.c. 149, §29C, the indemnification clause is void in whole or part because it requires DWS to indemnify Beacon for Beacon’s own negligence. The clause in the Beacon-DWS contract states that DWS must indemnify Beacon where the damage or injury is caused by a party for whom DWS is liable, regardless of whether the damage or injury was caused in part by Beacon. M.G.L.c. 149, §29C states in relevant part “Any provision for or in connection with a contract for construction . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.” This statute clearly voids the language “regardless of whether or not it is caused in part by a party indemnified hereunder.” Cf. Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626, 629-30 (1991) (because contract containing indemnity clause with similar language was made prior to the retroactive enactment date of M.G.L.c. 149, §29C, subcontractor was required to indemnify contractor for contractor’s own negligence). Therefore, summary judgment is granted to DWS on Count III to the extent that it shall not be required to indemnify Beacon for Beacon’s own negligence.
ORDER
For the foregoing reasons it is hereby ORDERED that third-party defendant/fourth-party plaintiff Designed Wall Systems, Inc.’s motion for summary judgment on the third-party complaint be DENIED as to Counts I and II and ALLOWED in part as to Count III.