Toomey, J.
On May 7, 2001, this matter was before the court for hearing on the motion of the plaintiff, subcontractor North Star Construction (“Construction”), for summary judgment. See Mass.R.Civ.P. 56. Construction asserts a contractual indemnification claim against another subcontractor, defendant North Star Sheet Metal (“Sheet Metal”), for legal expenses that Construction was required to pay in defending the general contractor. Construction moves for summary judgment against Sheet Metal on the theory that an express contract of indemnity existed between the parties and that the indemnity obligation must therefore be enforced against Sheet Metal. Sheet Metal argues to the contrary.
For the reasons discussed below, plaintiff Construction’s motion for summary judgment will be DENIED, but summary judgment will ENTER for defendant Sheet Metal.

STATEMENT OF THE CASE

The following material facts are undisputed and appear in the summary judgment record.
J.M. Coull, Inc. (“Coull”) was the general contractor on a project for an addition to a building owned by Tokyo Electron located at 123 Brimbal Ave., Beverly, Massachusetts. Coull subcontracted with Construction for certain construction services, which were performed by Sheet Metal pursuant to its subcontract with Construction.
*323 During construction, a Sheet Metal employee was injured and filed a tort action against Coull and Construction. [1] Construction’s subcontract with Coull includes an indemnification agreement under which Construction agreed to defend, indemnify and hold harmless Coull from liability “with respect to any bodily injury or property damage arising in any way out of work performed by” Construction or its subcontractors. See Memorandum of Law in Support of Defendant North Star Sheet Metal’s Opposition To Plaintiff North Star Construction’s Motion for Summary Judgment, Exhibit A, Subcontract. In an effort to protect itself in the event that it became liable under its indemnification agreement with Coull, Construction executed an indemnification agreement with subcontractor Sheet Metal. That latter agreement provides:
Except to the extent expressly prohibited by statute . . . “Subcontractor” agrees to indemnify and save harmless the “Contractor” and their agents from any and all claims, damages, losses and expenses including attorneys fees arising out of or resulting from the performance of the “Subcontractor’s” work or operations provided that any such claims, damage, loss or expense is attributable to bodily injury, sickness or disease or death, or to injury to or destruction of tangible property . . . and is caused in whole or in part by any negligent or willful act or omission of the “Subcontractor,” anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable whether or not such claims are based upon “Contractor’s” alleged active or passive negligence or participation in the wrong or upon any alleged breach of any . . . duty ... on the part of the “Contractor.”
See Pl’s Motion for Summary Judgment, Exhibit 1, Sub-Contract Agreement, Attachment #1.
Construction is currently defending Coull in the tort action and has demanded indemnity from Sheet Metal for the expenses incurred in that defense. Sheet Metal refuses to indemnify Construction for expenses attributable to the defense of Coull. This motion presents the issue of whether the subcontract requires Sheet Metal to pay for Construction’s legal expenses in defending Coull.
Sheet Metal has asked Construction to execute an agreement with Sheet Metal’s insurer to the effect that Sheet Metal is indeed obligated to indemnify Construction under the terms of their original subcontract, but only with respect to Construction’s obligations other than the expenses Construction incurred in defending Coull. Construction has refused to sign this agreement, and Sheet Metal has taken the position that Construction’s refusal constitutes a waiver by Construction of any indemnification rights and a failure to mitigate damages.

DISCUSSION

Summary judgment is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating both the absence of a triable issue and its entitlement to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, its burden on the motion may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991); see also Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party sufficiently suggests the absence of a triable issue, the party opposing the motion must respond and demonstrate, by affidavit or otherwise, the existence of an issue of material fact. Pederson, supra at 17.
Construction has moved for summary judgment against Sheet Metal on the theory that an express contract of indemnity existed between the parties. The issue thus presented is whether, under the language of the indemnification agreement in the subcontract, Sheet Metal is obligated to indemnify Construction for Construction’s legal expenses in defending the general contractor, Coull. As more fully discussed below, summary judgment will ENTER for defendant Sheet Metal, because (1) Coull is not named in the indemnity agreement between Sheet Metal and Construction, and (2) there was no express or general provision in the Sheet Metal-Construction subcontract that incorporated the Construction-Coull contract by reference.[2]
Construction argues that the following language in the subcontract created an express agreement under which Sheet Metal must indemnify Construction for Construction’s efforts on behalf of Coull:
“Subcontractor” agrees to indemnify and save harmless the “Contractor” and their agents from any and all claims, damages, losses and expenses including attorneys fees where such claims were attributable to bodily injury caused in whole or in part by any negligent or willful act or omission of the “Subcontractor.”
Construction asserts that, insofar as the expenses it has incurred in defending Coull are attributable to a bodily injury caused in part by Sheet Metal’s negligence, Sheet Metal is contractually bound to indemnify Construction as to those expenses.
This Court is not persuaded that the quoted language is sufficient to create an obligation that Sheet *324 Metal indemnify Construction as to third parties. The general rule in construing contracts is that they are to be enforced according to their explicit language because the parties’ expression reflects the parties’ intent. See B.J. Harland Electrical v. Granger Brothers, 24 Mass.App.Ct. 506, 513-14 (1987). In particular, when determining the scope of a subcontractor’s indemnity obligation with respect to claims arising out of the performance of the subcontract, courts generally look to whether indemnitees are named in the subcontract or whether the subcontract contains language of incorporation. Neither is present here. See Johnson v. Richard White Sons, Inc., Civil No. 93-0158, at 3 (Middlesex Super.Ct. Apr. 8, 1996) (Cowin, J.) (5 Mass. L. Rptr. 223).[3]
First, subcontractors have been held responsible for indemnifying parties in cases where those parties were explicitly identified by either name or title. See, e.g., Grant v. Hexalon Real Estate, Inc., 7 Mass. L. Rptr. No. 24, 550, Civil No. 915338D (Middlesex Superior Ct., January 5, 1998) (Borenstein, J.) (subcontractor Armor was required to indemnify contractor Morse Diesel pursuant to contract interpreted in Grant v. Hexalon Real Estate, Inc., 5 Mass. L. Rptr. No. 14, 310, 312, Civil No. 915338D (Middlesex Super.Ct., July 8, 1996) (Borenstein, J.), where contract terms stated Armor was to “save harmless the Owner and any of its subsidiaries, the Owner’s Agent, and Morse/Diesel from and against all liability claims . . . arising out of this contract by Armor . . .”). At bar, the subcontract asserts only that Sheet Metal must indemnify the" ‘Contractor’ and their agents." Neither party disputes that, under the instant agreement, “Subcontractor” refers to Sheet Metal and “Contractor” refers to Construction, and neither party argues that Coull is an agent of Construction. Hence, we conclude that there is no express reference in the subcontract to Coull as the entity for whom indemnifiable services are to be rendered by Construction.
Next, the subcontract language — which Construction now contends extends Sheet Metal’s obligation to indemnify Construction pursuant to Construction’s contract with Coull — is insufficient to bind Sheet Metal because the subcontract fails to incorporate the indemnity provision of the main contract into the subcontract.-See, e.g., Whittle v. Pagani Brothers Construction Co., Inc., 383 Mass. 796 (1981) (contractor may hold subcontractor to similar indemnification obligations that contractor had assumed to a third party, where subcontractor executed a subcontract containing a valid incorporation clause). Incorporation clauses are created by explicit language. See id. at 798 (“The Subcontractor agrees ... to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the Town”); Johnson, supra at 3 (the subcontractor “binds itself to the contractor . . .”). The subcontract sub judice contains no explicit language that might support even an implication of incorporation.
Furthermore, Sheet Metal is not obligated to indemnify Construction as to Coull’s legal expenses because the subcontract did not contain a cross-reference to the prime contract that Construction executed with Coull. The Supreme Judicial Court has stated that where, as here, a subcontract contains no explicit incorporation, a provision of a general contract can become part of a subcontract “by a clearly stated general statement” in the subcontract. Chicopee Concrete Service, Inc. v. Hart Engineering Co., 398 Mass. 476, 478 (1986). Such an incorporation can be achieved by cross-referencing the relevant documents. See Sciaba Construction Corporation v. Frank Bean, Inc., 43 Mass.App.Ct. 66, 68 (1997) (court held that indemnity obligation found its way into the subcontract by language referencing the main contract: “The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda . . ., and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the City of Boston, Public Facilities Commission . . .”).[4] At bar, Construction might have incorporated its indemnity obligation to Coull into its subcontract with Sheet Metal by cross-referencing the indemnification contract Construction had with Coull. Construction, however, failed to do so. Thus, the subcontract cannot be said, by reason of incorporation, to require that Sheet Metal assume Construction’s contractual duty to indemnify Coull. See, e.g. Chicopee Concrete Service, Inc., supra at 478 (subcontract failed to incorporate the terms and conditions of the prime contract, because subcontract contained neither an explicit incorporation clause nor a cross-reference to the general documents that set out the terms of the prime contract).

CONCLUSION

Because Construction failed to name Coull in the subcontract, to set out an explicit incorporation clause as to the scope of Sheet Metal’s indemnity, or to incorporate the prime contract by reference, there is no support in the record for a grant of summary judgment in Construction’s favor. There is, however, also no genuine issue of material fact as to whether any obligation that Construction has to indemnify Coull can be enforced against Sheet Metal. For the reasons stated, supra, that question must be answered in favor of Sheet Metal and, accordingly, summary judgment will ENTER for Sheet Metal.

ORDER

For the foregoing reasons, the court hereby DENIES the plaintiffs’ motion for summary judgment and, as authorized by Mass.R.Civ.P. 56(c), ENTERS summary judgment for the defendant.

 This suit is pending in Middlesex Superior Court, Keith Gallien v. J.M. Coull, Inc., Northstar Construction Services, et al, Civil Action No.: 98-2602.

 Sheet Metal also argues that enforcing an indemnification obligation against it would violate G.L.c. 149, §29C. Because, however, the evidence in the record supports an entry of summary judgment for Sheet Metal on other grounds, this Court need not reach that argument.

 Courts have noted that indemnity clauses are to be construed in accordance with their plain meaning, rather than by assessment of a party’s negligence. See Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626, 628-30 (1991). Express indemnity clauses “rescue! ] the indemnitee from paying damages, even when it is negligent . . . [t]he ‘active-passive’ test to determine when indemnification will be allowed . . . has in practice proven elusive and difficult of fair application." Kelly, supra at 629, citing Dale v. Dow Chem. Co., 30 N.Y.2d 143, 147 (1972).

 Although the indemnity provision incorporated in the cited subcontract was found to be void, it was so determined on other grounds, to wit, because itviolated G.L.c. 149, §29C.