Quinlan, J.
The plaintiff Christopher R. Cafferky, an employee of Dykeman Electrical Co., Inc. (“Dyke-man”), was injured in the course of his employment on the Lynn English High School project in Lynn, Massachusetts (“the project”). Dykeman was a subcontractor for John T. Callahan & Sons, Inc. (“Callahan”), the general contractor for the project. This action against Callahan was filed by the plaintiffs, Cafferky and his wife.[1] The plaintiffs allege that Callahan’s negligence caused Cafferky’s injury. Callahan, denying it was negligent, brought a third-party action against Cafferky’s employer Dykeman. As third-party plaintiff, Callahan sought a declaration that Dykeman had a contractual duty to defend and indemnify Callahan in Count I. In Count II, Callahan alleges that Dykeman breached its contract with Callahan by failing to defend and indemnify Callahan against Cafferky’s claims.
Both Callahan and Dykeman have filed cross motions for summary judgment based upon the contractual provisions in issue. There is no dispute concerning the facts, at least as it relates to the language of the agreements. The dispute is one of construction. Callahan maintains the indemnity provision is valid and effective and that it obligates Dyke-man to indemnify Callahan now rather than after a judgment has entered.
Discussion
The general contract indemnity clause provides:
To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner, Architect, Architect’s consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury or to destruction of tangible property . . ., Ocaused in whole or in part by negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder . . .
The subcontract clause provides:
The Subcontractor agrees ... to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the City of Lynn . . . except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.
The language of the indemnity provision in the general contract and of the provision in the subcontract incorporating by reference the general contract is essentially the same as that considered by the court in Whittle v. Pagani Construction Co., Inc., 383 Mass. 796 (1981). In Whittle, the court construed those provisions as follows:
The natural reading of the subcontract language is to impose the same obligations on the subcontractor to indemnify the contractor against claims arising out of the performance of the subcontract as the main contract imposes on the contractor to indemnify the town against claims arising out of the performance of the main contract . . . Thus the contractor would be obligated to indemnify the town against a claim for damages for personal injuries to an employee of the contractor caused by the concurrent negligence of the contractor and the town. If so, the subcontract clause imposes an obligation *203 on the subcontractor to indemnify the contractor against a claim for personal injuries to an employee of the subcontractor caused by the concurrent negligence of the subcontractor and the contractor. That is the present case.
The court rejected an argument similar to that advanced by Dykeman that the only obligations assumed by the subcontractor were those to the “Owner, Architect, Architect’s consultants, and agents and employees of any of them.” See 300 Mass. at 799-800.
The indemnity provision does not violate G.L.c. 149, §29. “A subcontractor’s obligation to indemnify any person for injury to persons or property in a construction contract is subject to the provisions of G.L.c. 149, §29C, which limits the subcontractor’s liability to injury to persons or property ‘caused by’ the subcontractor, its employees, agents, or subcontractors.” Johnson v. Modern Continental Const. Co., Inc., 49 Mass.App.Ct. 545, 546-47 (2000); see also Callahan v. A.J. Welch Equipment Corp., 36 Mass.App.Ct. 608, 611-12 (1994). The indemnity clause in the general contract included the same qualifying phrase “to the fullest extent permitted by law” as was considered in Callahan v. A.J. Welch Equipment Corp. Where the indemnity clause is limited to an injury resulting from the negligence of the subcontractor, it does not violate §29. Id. at 611. Therefore, the indemnity provision as incorporated into the subcontractor agreement did not violate G.L.c. 149, §29 and it is enforceable as written and as construed in Whittle and Johnson.
Callahan does not want to wait for a determination that Cafferky and/or Dykeman’s negligence caused Cafferky’s injuiy. To construe the indemnity provision as proposed is inconsistent with G.L.c. 149, §29C. The claim for indemnification is premature until such time as the issue of negligence is resolved.
Order
For the foregoing reasons, the court ALLOWS the third-party plaintiffs Motion for Summary Judgment with respect to Count I of the third-party complaint and declares that the indemnity provision of the general contract as incorporated in the subcontract is a valid and enforceable indemnity provision which would obligate Dykeman to indemnify Callahan if Cafferky’s injuries were caused by the negligence of Cafferky and/or Dykeman, and the court DENIES the motion with respect to Count II of the third-party complaint. The court DENIES Dykeman’s cross motion for summary judgment.

 The action by the plaintiffs against Callahan is scheduled for trial in February of 2002.