McDonald, C. Brian, J.
1. Background
This is a personal injury action brought by a truck driver, Donald Goyette, against his employer, Watkins’ Motor Line, Inc. (Watkins), and Watkins commercial landlord, James F. Lomma, d/b/a JF Lomma, Inc. (Lomma), for injuries sustained while working in the parking area of a truck terminal. The terminal was leased by Watkins from Lomma. Their lease contained mutual indemnification provisions in which Watkins expressly agreed to indemnify Lomma for claims arising out of Watkins’s negligence, and Lomma agreed to indemnify Watkins for claims arising out of Lomma’s negligence.[3]
Due to his injuries, the plaintiff received workers’ compensation benefits through Watkins’s insurer. He brought this action alleging that his slip and fall was caused by unsafe conditions permitted by Watkins and Lomma. Lomma filed cross claims against Watkins for contribution and indemnification. Watkins successfully moved to dismiss the plaintiffs claims against it on the grounds that they were barred by the workers’ compensation act, GL.c. 152, §23. Before the Court are Watkins’s motion for summary judgment with respect to both of Lomma’s cross claims and Lomma’s cross motion for summary judgment as to its indemnification cross claim against Watkins. The motions are denied in part and allowed in part.
2. Legal Discussion
Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c).
a. Watkins’ Motion for Summary Judgment
Watkins first argues that Lomma’s cross claims against it for contribution and indemnification are precluded by the workers’ compensation statute. General Laws c. 152, §23, provides in pertinent part:
If an employee . . . accepts payment of compensation on account of personal injury under this chapter, .. . such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury. If an employee accepts payment of compensation under this chapter on account of personal injury . . . such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury.
The exclusivity provision not only bars the plaintiff from suing Watkins for negligence, but also ordinarily prevents a third parly such as Lomma who has been sued by the employee from recovering against the negligent employer who paid workers’ compensation. See Larkin v. Ralph O. Porter, Inc., 405 Mass. 179, 181 (1989). Contribution under G.L.c. 231B, §l(a), requires that the potential contributor be directly liable to the plaintiff and a third-party tortfeasor has no right of contribution from an insured or self-insured employer whose negligence contributed to the employee’s injury, where the employee had collected workers’ compensation benefits. See Correia v. Firestone Tire & Rubber Co., 388 Mass. 342, 346 (1983), citing Liberty Mutual Ins. Co. v. Westerlind, 374 Mass. 524, 526 (1978). Accordingly, Watkins is entitled to summary judgment on Lomma’s cross claim for contribution.
The exclusivity provision of the workers’ compensation act does not, however, bar the enforcement of a valid and express contractual indemnification provision. See Spellman v. Shawmut Woodworking & Supply, Inc.; East Coast Fireproofing, Inc., 445 Mass. 675, 679-80 (2006) (injured employee who collected workers’ compensation could not sue his employer, the subcontractor, but the general contractor “is free to seek to enforce any contractual indemnification rights it has against” the subcontractor); Whittle v. Pagani Bros. Constr. Co., Inc., 383 Mass. 796, 799-800 (1981) (in suit by injured employee of subcontractor against contractor, contractual provision which obligated subcontractor to indemnify contractor against claim for personal injuries to subcontractor’s employee caused by concurrent negligence of subcon *500 tractor and contractor was enforceable even though subcontractor had paid workers’ compensation).
Nor is there merit to Watkins’s argument that the indemnification provision here is void and against public policy as set forth in G.L.c. 186, §15, which invalidates contractual provisions purporting to indemnify commercial landlords from liability arising out of the landlord’s (as opposed to the tenant’s) negligence. See G.L.c. 186, §15. Nothing in the mutual indemnify provisions here offends G.L.c. 186, §15, as they require Watkins to indemnify Lomma for liability resulting from Watkins’s negligence, and Lomma to indemnify Watkins for liability resulting from Lomma’s negligence. The express contractual provision requiring Watkins to indemnify Lomma for liability caused by Watkins’ negligence can be enforced against Watkins if and only to the extent that the juiy finds that Watkins was negligent and thereby caused the plaintiffs injury. See Whittle v. Pagani Bros. Constr. Co., 383 Mass. at 799-800. Although Watkins cannot be held liable to the plaintiff due to the exclusivity provisions of the workers’ compensation act, a jury hearing evidence about the plaintiffs slip and fall would nonetheless likely have to determine whether and to what extent Watkins may have been negligent and, if so, how such negligence caused the plaintiffs injury. Therefore, Watkins is not entitled to summary judgment on Lomma’s cross claim for indemnification.
b. Lomma’s Motion for Summary Judgment on Its Cross Claim for Indemnification
Lomma argues that it is entitled to summary judgment on its indemnification cross claim against Watkins because the summary judgment materials show that Watkins, rather than Lomma, was negligent. Essentially, Lomma asks this Court to find that Watkins was negligent and, on that basis, to rule that Lomma is entitled to indemnification. This argument is problematic from the outset. First, negligence is a factual question usually reserved for the jury. See Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983); Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984). Genuine issues of material fact exist as to what responsibilities Watkins and Lomma had in maintaining the truck terminal area in which the plaintiff fell. The summary judgment materials also raise questions about the causes of the fall and, inter alia, whether the plaintiff fell in a pothole or slipped on ice, and if it was on ice, whether the ice naturally accumulated and whether the allegedly dangerous surface on which the plaintiff fell was an open and obvious danger. These factual questions are enough to undercut Lomma’s premise that Watkins was negligent, and thus obviate the need for further analysis of his summary judgment motion on the indemnification cross claim.
ORDER
For all the foregoing reasons, it is hereby ORDERED that the Motion for Summary Judgment of Defendant Watkins Motor Line, Inc., as to the Cross Claims Asserted Against It By Defendant James F. Lomma, d/b/a JF Lomma, Inc. is ALLOWED with respect to the cross claim for contribution and DENIED with respect to the cross claim for indemnification.
It is further ORDERED that Defendant James F. Lomma d/b/a JF Lomma, Inc.’s Motion for Summary Judgment as to the Cross Claim Asserted Against Watkins Seeking Indemnification is DENIED.

Section 11.2 of the lease provides in relevant part: ‘Tenant shall indemnify and hold Landlord harmless against any and all claims and demands arising from the negligence of the Tenant . . .” Section 11.3 of the lease reads in pertinent part: “Landlord shall indemnify and hold Tenant harmless against any and all claims and demands arising from the negligence of the Landlord ...”