Tucker, Richard T., J.
On October 17, 2007, at a construction site located at 181 Sydney Street, Cambridge, Massachusetts, an accident occurred causing a National Water Main Cleaning Company (NWMCC) employee, John M. Blash (Blash), to be injured. Blash’s injuries resulted from being struck by a front-end loader, operated by Kyle Ainsley (Ainsley), an employee of the general contractor, P. Caliacco Corporation (Caliacco).
Prior to the accident, Caliacco entered into a subcontractor agreement with NWMCC. This agreement, dated September 28, 2007, set forth and described the services that NWMCC would provide in the construction project. It also provided that “NWMCC is acting at the direction of the contractor,” Caliacco. The following negligence-based indemnification provision was set forth in the agreement:
The Customer and Contractor will each indemnify the other for liability, loss and expense incurred by the other party resulting from a negligent act or omission in performance of work under this Agreement. If both parties are jointly at fault, each will indemnify the other in proportion to their relative fault.
After suit was commenced by Blash against Ainsley and Caliacco, the third-party complaint of Caliacco brought NWMCC into the suit. Caliacco’s third-party complaint sought contractual indemnification by NWMCC. Thereupon, NWMCC similarly counterclaimed against Caliacco for indemnification pursuant to the above stated provision of the subcontract agreement. The matter went to trial and the jury returned a verdict for Blash, and against Caliacco and Ainsley in the amount of $500,000. Upon the special verdict question posed to the jury, NWMCC was found not to have been negligent or liable for the injuries sustained by Blash.
NWMCC now moves for an assessment of damages and judgment against Caliacco on its counterclaim for contractual indemnification. After careful review of the submissions of the parties and having the benefit of counsel’s oral argument, I find and rule as follows.
DISCUSSION
1.Procedural Issues
Caliacco argues that NWMCC may not recover under the indemnity clause since NWMCC failed to submit any evidence of damages at trial. Damages being an essential element of the claim and not having been established at trial, NWMCC may not, Caliacco asserts, obtain such relief post-trial. See, Ledgehill Homes, Inc. v. Chaitman, 348 Mass. 777 (1964). In this regard, however, it must be noted that, despite having its own third-party action against NWMCC for indemnification, Caliacco also did not offer evidence at trial of damages or specific expenditures that it had incurred for which NWMCC would possibly be liable.
The trial proceeded upon Blash’s claims against Caliacco and Ainsley and the determination of the negligence of Caliacco, Ainsley, NWMCC as well as the comparative negligence of Blash. It was agreed by all parties that the court would rule following the jury verdict, as a matter of law, what liability, if any, Caliacco or NWMCC had to each other under the indemnity agreement. Thus, although not relevant to plaintiffs claims, the jury was asked to determine in a special verdict question “whether National Water Main Cleaning Company was also negligent and whether said negligence was a substantial contributing cause of plaintiffs injuries.” The juiy answered this question “No.” Neither Caliacco nor NWMCC offered evidence at trial of indemnified damages since it was understood that the court was reserving the issue of indemnification and damages.[1] NWMCC is not barred from seeking a judgment on the indemnity clause or the court’s determination of indemnity damages.
2.Liability of Caliacco
The indemnification agreement provides that Caliacco and NWMCC “will each indemnify the other for liability, loss and expense incurred by the other party resulting from a negligent act or omission in performance of work under this Agreement.” Here the juiy has found that only the negligence of Caliacco and Caliacco’s employee, Ainsley, caused injury to Blash. Thus this court concludes that Caliacco is liable to NWMCC for any and all “loss and expense” incurred by NWMCC as a result of the injuiy to Blash, and the resulting law suit.
3.Damages
The “loss and expense” that NWMCC alleges it incurred as a result of Caliacco’s negligence falls into two separate categories: (1) litigation expenses incurred in the defense of the third-party action for indemnification brought by Caliacco, as well as NWMCC’s counterclaim for indemnification, and (2) workers’ compensation benefits paid and expenses on account of the injuiy caused to their employee Blash as a result of Caliacco’s negligence. The court addresses these claims separately.
*250 a. Litigation Expenses
As determined by the jury, NWMCC was not negligent and need not have been a party to the lawsuit. Thus its costs and expenses including attorneys fees incurred as a result of being brought into the suit by Caliacco are recoverable. See, Santos v. Chrysler Corporation, 430 Mass. 199, 217-18 (1999). The indemnity agreement is broad and is not limited solely to expenses incurred in defending the indemnification claim brought against it. It provides for the reimbursement of “loss and expense incurred . . . resulting from a negligent act or omission” by Caliacco. Caliacco argues that the “American Rule” regarding attorneys fees should prevent NWMCC from recovering attorneys fees and that only expenses incurred in defending the claim indemnified against should be recoverable. This is not a reasonable reading of the broad language of the indemnity clause bargained for by both parties. Whittle v. Pagani Bros. Constr. Co., Inc.; Scott Prescott Corp., 383 Mass. 796-98 (1981) (indemnity contracts should be fairly and reasonably construed to ascertain the intention of the parties and to effectuate that purpose).
The court finds that the costs and expenses, including attorneys fees, incurred by NWMCC resulting from it being named by Caliacco as a third-party defendant, are recoverable as a matter of indemnification. The court finds from the documents presented by NWMCC as part of its motion for assessment of damages that its claim for attorneys fees and litigation costs of $73,928.81 is sufficiently established and is reasonable. NWMCC is entitled to the recovery of the full amount of its litigation costs and attorneys fees. Having so found, the court takes no action on NWMCC’s May 25, 2011 motion for costs arising out of discovery disputes as any such award on that motion would be duplicative of the award made herein pursuant to indemnification.
b. Workers’ Compensation
NWMCC claims entitlement to the Workers’ Compensation benefits it provided to Blash for his work-related injury.[2] It argues that “as NWMCC was required to provide Workers’ Compensation benefits to Blash, the amounts incurred were clearly liability, losses and expenses as a result of the October 17, 2007 accident . . . caused by Caliacco’s negligence. Simply put, NWMCC would not have incurred any amounts for Workers’ Compensation had the October 17, 2007 accident not occurred.”
NWMCC has established though the documents submitted that it paid a total of $171,169.47 in indemnity benefits, medical payments and expenses. It alleges, and this figure is not contested, that it was reimbursed $99,593.57 of this amount from Blash’s damage award in accordance with the provisions of G.L.c. 152, §15. Thus it claims an “out-of-pocket” amount of $71,575.90 due in indemnification from Caliacco as part of the “loss and expense incurred.”
Caliacco states in opposition that payment of workers’ compensation benefits by NWMCC was pursuant to a statutory obligation which would be paid by NWMCC irrespective of whether Caliacco was liable or not. Under the statutory scheme set forth in G.L.c. 152, §15, NWMCC was reimbursed by Blash for all amounts provided by law.[3] Caliacco should not, it is argued, be responsible for the so called “out-of-pocket” loss of the difference between the amounts paid on account of its employee’s injury and the amount reimbursed by Blash under §15. But parties are free to contract for indemnification rights as they see fit. Spellman v. Shawmut Woodworking & Supply, Inc.; East Coast Fireproofing, Inc., 415 Mass. 675, 682 (2006) (it is permissible to shift risks arising in the performance of construction contracts to other entities); Collins v. Kiewit Constr. Co., 40 Mass.App.Ct. 796, 800 (1996) (parties may negotiate indemnity terms and may adjust for unequal bargaining power through insurance coverage). Here both parties to the indemnification contract assumed similar risks arising from their own negligent conduct. Although NWMCC has not produced judicial authority that un-reimbursed workers’ compensation expenses are recoverable by contractual indemnity, to deny that such amount is a “loss [or] expense incurred . . . resulting from a negligent act or omission” of Caliacco “would rob the [indemnity] provision of its vitality and deny it a sensible practical construction.” Whittle at 799 citing Shea v. Bay State Gas Co., 383 Mass. 218, 223-24 (1981). Furthermore, it matters not that absent the indemnification agreement Caliacco would not be held responsible to NWMCC for this “out-of-pocket" amount, since as stated above, parties are permitted as a matter of law to contractually adjust risks between themselves, even to the extent of increasing one’s exposure. See Spellman at 682 (“[t]here is nothing that prohibits or prevents a party from contractually agreeing to greater liability then would have been provided by law”). The amount of $71,575.90 representing the out-of-pocket loss of NWMCC in fulfilling its statutory obligation to provide and pay workers’ compensation benefits on account of its employee, Blash, is recoverable of Caliacco under the indemnification agreement.
ORDER
The jury has found P. Caliacco Corporation negligent and National Water Main Cleaning Company not negligent in respect to the injuries sustained by Blash. Judgment for indemnification shall enter in favor of National Water Main Cleaning Company as against P. Caliacco Corporation in the amount of one-hundred forty-five thousand, five-hundred four dollars and 71 cents ($145,504.71).

 In this regard the parties knew that the court had previously, on November 23, 2011, also reserved its decision until after the trial regarding NWMCC’s motion for costs resulting from the allowance of motions compelling Caliacco to supplement its responses to document requests and com *251 pelling the deposition of Caliacco’s Rule 30(b)(6) representative.
The reserving by the court of the legal ruling on the applicability of the indemnity clause, while submitting the factual issue of each party’s negligence to the jury is not unusual. This procedure is widely used in trials for claims under the Massachusetts Consumer Protection Act, G.L.c. 93A. See Acushnet Federal Credit Union v. Roderick, 26 Mass.App.Ct. 604, 606 (1988); Charles River Constr. Co. v. Kirksey, 20 Mass.App.Ct. 333, 338 (1985).

 These benefits were apparently provided to Blash by NWMCC directly as a result of NWMCC’s election to purchase Workers’ Compensation insurance having a high deductible. See G.L.c. 152, §25A relating to purchase of insurance and deductibles.

 Under §15 a reduction in NWMCC’s reimbursement by Blash is made for NWMCC’s share of the expenses and attorneys fees incurred by Blash in obtaining his verdict. “The expenses of attorneys fees shall be divided between' the insurer and the employee in proportion to the amounts received by them respectively, under this section.”