796                                     40 Mass. App. Ct. 796

Collins *v.* Kiewit Construction Co.; N.B. Jon-Son Steel Erectors, Inc.

ARTHUR W. COLLINS *vs.* KIEWIT CONSTRUCTION CO.; N.B.
JON-SON STEEL ERECTORS, INC., third-party defendant.

No. 94-P-1525.

Norfolk. January 16, 1996. - July 24, 1996.

Present: ARMSTRONG, GILLERMAN, & JACOBS, JJ.

*Indemnity. Contract,* Indemnity, Construction contract. *Negligence,*
Construction work. *Statute,* Construction. *Practice, Civil,* Costs.

General Laws c. 149, § 29C, did not bar indemnification of a general
    contractor for its liability for injuries suffered by a subcontractor's em-
    ployee as a result of the contractor's and employee's negligence where
    the express language of the indemnification clause in the construction
    contract provided that the subcontractor would indemnify the contrac-
    tor for personal injuries on account of negligence of the subcontractor's
    employees. [797-800]
Where a judge correctly concluded that an indemnitor was in breach of its
    contractual obligation to indemnify he correctly awarded the costs of
    defense sustained by the indemnitee. [800]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 11, 1991.

Motions for summary judgment on a third-party complaint
were heard by *Robert Malcolm Graham*, J., and the case was
tried before him.

*Thomas M. Elcock* (*Sean J. Milano* with him) for N.B.
Jon-Son Steel Erectors, Inc.

*Joseph H. Aronson* for Kiewit Construction Co.

JACOBS, J. The plaintiff, Collins, an employee of N.B. Jon-
Son Steel Erectors, Inc. (Jon-Son), a subcontractor, was
injured at a work site where the defendant, Kiewit Construc-
tion Co. (Kiewit), was the general contractor. Temporary
stairs providing access to a building were removed by Kiewit,
and, failing to notice their absence, Collins fell when leaving
the building. After Collins sued Kiewit for negligence, Kiewit
filed a third-party complaint essentially seeking indemnifica-

tion from Jon-Son. A bifurcated trial was held in the Superior Court with Collins's claim being tried first to a jury. The jury awarded damages to Collins after finding in answer to special questions that both he and Kiewit were negligent and that the negligence of each was a proximate cause of Collins's injury. Apportioning negligence pursuant to G. L. c. 231, § 85, the jury attributed three percent to Collins and ninety-seven percent to Kiewit. A judgment for Collins was entered for $751,750 reflecting ninety-seven percent of the total damages found by the jury.

By agreement, the third-party action was decided on the basis of the jury's findings. Acting on cross motions for summary judgment, the judge allowed that of Kiewit, thereby determining that Jon-Son was in breach of the indemnification and insurance provisions of its subcontract with Kiewit. Accordingly, he ordered Jon-Son to indemnify Kiewit for the judgment against it, and awarded attorney's fees and costs. Jon-Son appeals from the ensuing judgment in the third-party action, arguing alternatively that G. L. c. 149, § 29C, either voids the indemnification clause or should be construed to limit the indemnity obligation to that portion of negligence attributable to it. Jon-Son also claims it was not in breach of its insurance obligation. We affirm.[1]

1. *Validity of indemnity clause.* We first look to the language of the indemnity clause. See *Harnois* v. *Quannapowitt Dev., Inc.*, 35 Mass. App. Ct. 206, 288 (1993); *Callahan* v. *A. J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608, 611 (1994). That clause, as set forth in the margin,[2] is enforceable

---

[1]Kiewit's cross appeal on this issue of damages is not argued to us and is, therefore, waived.

[2]The indemnification provision in pertinent part is as follows: "The Subcontractor further specifically obligates itself to the Contractor, Owner and any other party required to be indemnified under the Prime Contract, jointly and separately, in the following respects, to wit: . . . (b) to defend and indemnify them against and save them harmless from any and all claims, suits or liability for damages to property including loss of use thereof, injuries to persons, including death, and from any other claims, suits or liability on account of acts or omissions of Subcontractor, or any of its subcontractors, suppliers, officers, agents, employees or servants, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder; provided, however, Subcontractor's duty hereunder shall not arise if such claims, suits or liability, injuries or death or other claims or suits, are caused by the sole negligence of a party

under G. L. c. 149, § 29C,[3] because it "limit[s] the subcontractor's obligation to indemnify to cases in which there is a causal connection between the subcontractor's work and the injury." *M. DeMatteo Constr. Co.* v. *A.C. Dellovade, Inc.*, 39 Mass. App. Ct. 1, 3 (1995). See also *Harnois* v. *Quannapowitt Dev., Inc.*, 35 Mass. App. Ct. at 288-289; *Callahan* v. *A. J. Welch Equip. Corp.*, 36 Mass. App. Ct. at 611-612. It is not affected by G. L. c. 152, § 23, releasing an employer from all common law claims of an employee. See *Whittle* v. *Pagani Bros. Constr. Co.*, 383 Mass. 796, 799-800 (1981).

2. *Application of indemnity clause.* The indemnity clause plainly states that Jon-Son was responsible to indemnify for "injur[y] . . . on account of acts or omissions of . . . any of its . . . employees." Accordingly, any degree of negligence on Collins's part, which the jury determined to be "a proximate cause" of his indivisible injury, brings Jon-Son within the terms of that provision. It was agreed at trial that Kiewit's claim for indemnification was not based on the negligence of any Jon-Son employee other than Collins. We do not, as did the trial judge, rely on any common law imputation of Collins's negligence to Jon-Son but rather on Jon-Son's contractual undertaking.[4] On its face, the clause does not limit indemnification where the negligence of the indemnified party also is a cause of that injury. Compare *Kelly* v. *Dimeo, Inc.*, 31 Mass. App. Ct. 626, 627, 629-630 (1991), involving a generally similar indemnity provision in similar circumstances arising prior to the enactment of G. L. c. 149, § 29C. The only contractual limitation is for an injury caused by the *sole*

indemnified hereunder unless otherwise provided in the Prime Contract. Subcontractor's obligation hereunder shall not be limited by the provisions of any Workers' Compensation act or similar statute . . . ." In their agreed statement of facts, the parties acknowledge that the "prime contract contained no provisions for indemnification by Jon-Son."

[3]General Laws c. 149, § 29C, as amended by St. 1986, c. 557, § 135, provides in pertinent part: "Any provision . . . which requires a subcontractor to indemnify any party for injury to persons . . . not caused by the subcontractor or its employees . . . shall be void." There is no issue of the applicability of the statute in the present case since the agreement containing the indemnification clause was executed in 1990.

[4]In the circumstances, reliance on an imputation theory is inappropriate since vicarious liability of an employer for an employee's negligence is generally recognized to provide an injured *victim* of that negligence with an increased likelihood of compensation. See *Elias* v. *Unisys Corp.*, 410 Mass. 479, 481-483 (1991).

40 Mass. App. Ct. 796                                    799

Collins v. Kiewit Construction Co.; N.B. Jon-Son Steel Erectors, Inc.

negligence of an indemnitee. Although very substantial, Kiewit's apportioned negligence was not entire, and Collins was not completely free from fault.

Jon-Son argues that to permit Kiewit to recover for the damages caused by Kiewit, as attributed by the jury, denies Jon-Son the protection the Legislature intended to give subcontractors when it enacted G. L. c. 149, § 29C. This argument ignores the history of the statute. In its original form,[5] it declared indemnity clauses in construction contracts which absolved indemnitees from their own negligence to be against public policy and void and unenforceable. See *Jones* v. *Vappi & Co.*, 28 Mass. App. 77, 81 (1989). In that version, the statute appeared to "preclude[ ] indemnification whenever the *indemnitee's* negligence, no matter how slight, caused the injury" (emphasis in original). Musacchio, Statutory Limitations on Indemnity Agreements in Construction Contracts: The Meaning and Effect of G.L.M. c. 149, § 29C, 80 Mass. L. Rev. 54, 57 (1995). Less than five months after its original effective date, § 29C was amended by substituting the current version which "is less sweeping and declares void indemnity provisions in construction contracts only when the injury is 'not caused by the subcontractor or its employees.' " *Jones* v. *Vappi & Co.*, *supra* at 81-82. The refocusing brought about by the current statute does not preclude full indemnification when an indivisible injury is caused by negligence concurrently attributable both to the indemnitee, and, by the terms of the indemnity agreement, to the indemnitor. An effect of the amendment to § 29C is to avoid any inconsonance with preexisting case law upholding clauses which permitted indemnification notwithstanding an indemnitee's concurrent fault. See *Shea* v. *Bay State Gas Co.*, 383 Mass. 218, 224 (1981); *Whittle* v. *Pagani Bros. Constr. Co.*, 383 Mass. at 799; *Kelly* v. *Dimeo, Inc.*, 31 Mass. App. Ct. at 629-630; Musacchio, *supra* at 58.

At the time of the trial of this action, none of our appellate decisions had expressly addressed the issue of proportionate

[5]St. 1984, c. 484, § 43, approved on January 7, 1985, and made effective as of April 7, 1985, provided in pertinent part that "[a]ny . . . agreement . . . purporting to indemnify or hold harmless the promisee or indemnitee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, . . . is against the public policy and is void and unenforceable."

indemnification, although *Jones* v. *Vappi & Co., supra,* may be read to indicate that full indemnity is not precluded under the statute. Jon-Son, relying on several Superior Court decisions limiting subcontractors' responsibility to their own negligence notwithstanding broad indemnification language, seeks to have § 29C applied so as to bar indemnification for that portion of the damages attributable to Kiewit's negligence. We discern nothing in our case law or the language or history of § 29C that prevents parties from agreeing to full indemnification in the event of concurrent negligence. See *Herson* v. *New Boston Garden Corp., ante* 779, 788 (1996) (holding that "29C does not proscribe full indemnification when the subcontractor is only a partial cause of the injury"). If the Legislature had intended that indemnification provisions in construction contracts be interpreted to reflect the application of our comparative negligence statute, or to preclude indemnification when the injured claimant is an employee of the subcontractor, it could have said so. *Callahan* v. *A. J. Welch Equip. Corp.,* 36 Mass. App. Ct. at 612. Moreover, given the proposition that "[i]ndemnity provisions are not read with any bias in favor of the indemnitor and against the indemnitee," *Urban Inv. & Dev. Co.* v. *Turner Constr. Co.,* 35 Mass. App. Ct. 100, 107 (1993), and the opportunity of the parties to negotiate indemnity clauses and to adjust to any unequal bargaining power by the assumption of the burdens of insurance coverage, *Speers* v. *H. P. Hood, Inc.,* 22 Mass. App. Ct. 598, 601 (1986), we perceive no need to construe § 29C as imposing a limitation on a valid bargain struck by the parties. See also Alexander, Developments in Indemnity Law: Express, Implied Contractual, Tort-Based and Statutory, 79 Mass. L. Rev. 50, 51-52 (1994).

3. *Insurance.* There is no merit in Jon-Son's argument that it was not in breach of a provision in its subcontract requiring it to obtain certain insurance and that the judge erred in so concluding and awarding costs of defense. The insurance provision aside, the indemnification clause states an obligation to defend. In the circumstances, costs of defense properly are a part of the indemnification claim. See *Jones* v. *Vappi & Co.,* 28 Mass. App. Ct. at 82; *Urban Inv. & Dev. Co.* v. *Turner Constr. Co., supra* at 108.

*Judgment affirmed.*