JOSEPH FRANCESE, INC. *vs.* DOS CONCRETE SERVICES, INC.

No. 96-P-836.

Berkshire. November 9, 1998. - July 21, 1999.

Present: JACOBS, PORADA, & RAPOZA, JJ.

*Indemnity. Contract,* Construction contract, Indemnity. *Negligence,* Construction work.

A Superior Court judge correctly concluded that the terms of a mutual indemnification clause in a construction contract clearly manifested the parties' intent that each should be responsible for its own negligence and, as a consequence, one party, found by a jury to be negligent with respect to an employee's injuries, was not entitled to indemnification from the other party who had been found to be not negligent. [368-370]

In a breach of contract claim, the documentary evidence supported the judge's conclusion that the plaintiff implicitly consented to a deviation from the contract requirement that it be named as an insured on the defendant's liability insurance policy. [370-371]

CIVIL ACTION commenced in the Superior Court Department on March 24, 1988.

The case was tried before *Francis X. Spina,* J., and a third-party claim for indemnity and breach of contract was heard by him.

*Robert G. Eaton* for the plaintiff.

*Michael K. Callan* for the defendant.

JACOBS, J. Before us are the insured remains of a typical construction site tort case. After suffering an injury at the site in 1986, an employee of a subcontractor, DOS Concrete Services, Inc. (DOS), brought suit against the construction manager, Joseph Francese, Inc. (manager), the owner of the site, and another subcontractor. There followed the usual spate of cross-claims and third-party complaints including that of the manager against DOS for indemnification and breach of contract. In 1995, the personal injury aspect of the case was tried to a Superior Court jury, which returned a special verdict as to the

employee, DOS, the manager, and the other subcontractor.[1] The jury found that DOS and the other subcontractor were not negligent and that the manager's and employee's negligence caused the employee's injury. They attributed forty per cent of the negligence to the employee and sixty per cent to the manager and assessed total damages in the amount of $450,000.

The manager's third-party claim against DOS was heard as a jury-waived action, with the judge taking into account the evidence at the personal injury trial, together with a statement of agreed facts. Following the verdict, he rendered a written decision rejecting the manager's indemnity and breach of contract claims against DOS. We affirm the judgment against the manager.[2]

1. *The indemnification claim.* The manager's claim is based upon the following provision in the subcontract between the owner and DOS, entered into on April 21, 1986:

> "[DOS] agrees to indemnify the [manager] and Owner against any liability for injuries to persons or damage or loss of property occurring at or near the construction site which shall be attributable to the negligence of [DOS], its employees, agents, subcontractors, materialmen, invitees or other persons over whom [DOS] has control. The Owner and [manager] likewise agree to indemnify [DOS] from any liability for injuries to persons or damage or loss of property occurring at or near the construction site which shall be attributable to the negligence of the [manager], its employees, agents, other Trade Contractors over whom the Owner and [manager] have control."

Had this indemnification clause contained only its first sentence, DOS, because of the imputed negligence of its employee, would

---

[1] A verdict was directed against the employee on his claim against the owner. The record contains no indication as to the reason for the inclusion in the special verdict of DOS, an employer ordinarily protected from civil liability by G. L. c. 152.

[2] The manager filed timely notice of appeal from the adverse judgment in its third-party action against DOS and from the personal injury judgment in favor of the employee. During the pendency of these appeals, the employee's claim against the manager was settled and a stipulation of dismissal was filed with this court. At the same time, stipulations of dismissal were filed with respect to the employee's separate appeals from the judgments favoring the owner and the other subcontractor, leaving before us only the indemnification and breach of contract claims of the manager in its third-party action against DOS.

be bound by precedent to indemnify the concurrently negligent manager, notwithstanding that the jury found DOS was not directly negligent. See *Kelly* v. *Dimeo, Inc.*, 31 Mass. App. Ct. 626, 629 (1991); *Collins* v. *Kiewit Constr. Co.*, 40 Mass. App. Ct. 796, 798 (1996). The judge, relying on the entire clause, including the second sentence, determined that "[t]he intention of the parties, as manifested by clearly written language, is that each shall be responsible for . . . its own negligence."[3] He concluded that the reduction of the employee's damages by forty per cent pursuant to G. L. c. 231, § 85, the comparative negligence statute, resulted in a remainder judgment for damages that were "solely attributable to the negligence of [the manager]," and, therefore, were not encompassed by DOS's indemnification agreement.

We are guided by "the basic rule of construction that we must give effect to the parties' intentions and construe the language to give it reasonable meaning wherever possible." *Shea* v. *Bay State Gas Co.*, 383 Mass. 218, 224-225 (1981). The reported cases that have come to our attention are of little assistance in construing the clause before us, because they involve clauses providing only for unilateral indemnification by the subcontractor. See, e.g., *Harnois* v. *Quannapowitt Dev., Inc.*, 35 Mass. App. Ct. 286, 286 n.1 (1993); *Callahan* v. *A.J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608, 609 n.3 (1994); *Herson* v. *New Boston Garden Corp.*, 40 Mass. App. Ct. 779, 781-782 (1996); *Collins* v. *Kiewit Constr. Co., supra* at 797 n.2. Here, we have a mutual indemnification clause, in which DOS agrees to indemnify the manager for liability attributable to the negligence of DOS, and the manager and owner "likewise agree" to indemnify DOS for liability attributable to the negligence of the manager. Relying on the fact that it is not a signatory to the subcontract between the owner and DOS, the manager argues that the indemnification clause is unenforceable against it. Putting aside the propriety of attempting to resist obligations contained in the same contract from which one seeks benefits, the manager's argument is misplaced. The

---

[3]The judge also concluded that the indemnification clause does not offend G. L. c. 149, § 29C. This ruling is in accord with our case law, see *Herson* v. *New Boston Garden Corp.*, 40 Mass. App. Ct. 779, 785-788 (1996), and is not contested on appeal. Moreover, § 29C does not prohibit indemnification for that portion of the damages attributable to the manager's negligence. *Collins* v. *Kiewit Constr. Co., supra* at 800.

controlling factor is the intention of the parties with respect to the indemnification clause, and the plain language of that provision makes clear that mutual obligations are intended. The manager's fallback argument, made without citation to authority, is that DOS is liable for half of the judgment against the manager pursuant to the joint tortfeasor provisions of G. L. c. 231B. Ignoring the fact that the jury found no negligence on the part of DOS, the manager claims that it and DOS "each caused the [employee's] entire injury." Aside from the erroneous premise of the argument, any implicit reliance on an imputation of the employee's negligence to DOS is, in the circumstances, "inappropriate since vicarious liability of an employer for an employee's negligence is generally recognized to provide an injured *victim* of that negligence with an increased likelihood of compensation. See *Elias* v. *Unisys Corp.*, 410 Mass. 479, 481-483 (1991)" (emphasis in original); *Collins* v. *Kiewit Constr. Co.*, *supra* at 798 n.4.

The manager's liability in this case is solely for negligence attributable to it, because the final judgment against it in the jury trial reflected the remainder of the total damages suffered by the employee after the damages attributable to his own negligence had been subtracted. Even if we treat the employee's negligence as being imputed to DOS, we are unable, under the mutual indemnification clause, to conclude that DOS is required to indemnify the manager for liability relating solely to the negligence attributable to the manager. To impose an obligation upon DOS to indemnify the manager for all the damages suffered by the employee would negate the intention of the construction documents to allocate responsibility as reflected in the subcontract language of mutual obligation. Such an interpretation also reads into the indemnification clause an unreasonable circularity requiring DOS and the manager, each in continuous turn, to indemnify the other for the net verdict in favor of the employee.

2. *The breach of contract claim.* The contract documents require DOS to name the manager as an additional insured on the liability insurance policy of DOS. The documents also require the manager to have liability insurance similar to that required of DOS. The judge concluded, on the basis of correspondence between the parties and evidence of changes in the certificate of insurance issued to DOS, that the manager "implicitly consented to a deviation from" the requirement that

it be named as an additional insured. The documentary evidence substantially supports that conclusion. Raising an argument not offered below, the manager claims that the alleged waiver, in any event, was not supported by consideration. Because DOS may have been prejudiced by this late contention, we do not reach the issue of consideration. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977); *Tamerlane Corp.* v. *Warwick Ins. Co.*, 412 Mass. 486, 491 (1992).[4]

*Judgment affirmed.*

---

[4]In light of our decision, we do not address additional arguments made by DOS that the manager has not demonstrated that it has suffered any harm from the alleged breach of contract and that final payment to DOS constituted a waiver of all claims against it.