Cratsley, J.
Plaintiffs, Raymond and Jacqueline Stewart (“Stewarts”), filed suit against O’Connor Construction Company and Dimeo Construction Company, Inc., a Joint Venture (“O’Connor-Dimeo”), and M.L. McDonald Sales Co., Inc. (“McDonald”) alleging that their negligence caused Raymond Stewart’s (“Stewart”) injury on the job-site. In its answer, O’Connor-Dimeo cross claimed against co-defendant *434 McDonald for indemnification of any award the plaintiffs should recover, including legal fees and expenses.
O’Connor-Dimeo’s has moved for summaiy judgment on its cross claim. For the reasons set forth below, O’Connor-Dimeo’s motion for summaiy judgment is GRANTED.
BACKGROUND
On August 4, 1999 defendant, O’Connor-Dimeo, entered into a subcontract agreement with McDonald which required McDonald to perform certain work for O’Connor-Dimeo at the Brighton Landing Project (“project”). The subcontract further provided that McDonald would indemnify O’Connor-Dimeo for injuries suffered as a result of McDonald’s acts or omissions.[3] The indemnity applied to all suits, actions, legal or administrative proceedings, claims, demands, damages liabilities, judgments, interest, attorneys fees, costs and expenses of whatever kind or nature arising as a result of any acts or omissions of McDonald to the extent so caused.
On August 31, 1999, O’Connor-Dimeo and McDonald entered into a supplemental agreement. The supplemental agreement provided that McDonald would complete spray-on fireproofing work at the project. The supplemental agreement was made subject to all the terms and conditions of the August 4 agreement.
On December 20,1999, Stewart was working on the jobsite of the project. Stewart alleges he slipped and fell while descending a ladder at the end of his work day. Stewart further alleges his fall and injury was the direct result of an accumulation of the fireproofing material that was used by McDonald in its duties at the project.
On August 21, 2001, the plaintiffs filed suit against O’Connor-Dimeo and McDonald to recover damages for the injuries suffered by Stewart as a result of his fall. In response O’Connor-Dimeo filed its Answer and Cross Claim on December 6, 2001. The cross claim alleges that O’Connor-Dimeo is entitled to indemnification by McDonald from the claims of Stewart.
Pursuant to its understanding of the subcontract O’Connor-Dimeo repeatedly requested that McDonald indemnify them for the Stewart claims. O’Connor-Dimeo’s counsel sent letters requesting such indemnification on November 14, 2001, April 11, 2003, August 4, 2003, and October 28, 2003. McDonald did not affirmatively respond to the request for indemnification.
On March 8, 2004, O’Connor-Dimeo moved for summaiy judgment as to its cross claim against McDonald. McDonald filed its opposition in which it contends that summaiy judgment is premature and that the contract language calls for an indemnification based upon degree of fault. Therefore, McDonald argues, resolution of the indemnify should not be done until a finding of degree of fault is made by a judge or a jury.
DISCUSSION
Summaiy judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating, affirmatively, the absence of a triable issue, and that the record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Where the moving party establishes the absence of a triable issue, the party in opposition must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass, at 17.
O’Connor-Dimeo has moved for summaiy judgment against McDonald on the theoiy that an express contract of indemnify exists and its legal obligations are triggered by Stewart’s claim. The issue, therefore, is whether, considering the language of the indemnification clause between O’Connor-Dimeo and McDonald, and particularly the alterations made thereto, McDonald is obligated to indemnify O’Connor-Dimeo for losses including their expenses in defending the claim against them. As more fully discussed below, summaiy judgment shall be GRANTED, because, while there are modifications to the express indemnify provision, the changes are insufficient at law to create a fault-based indemnify rather than a full indemnification.
O’Connor-Dimeo argues that the language of the indemnify clause creates an express indemnification. The interpretation of the language in a written contract is a question of law for the Court, and if the words are plain and free from ambiguity, they must be construed in accordance with their ordinary meaning and usual sense. Massachusetts Mun. Wholesale Elec. Co. v. Springfield, 49 Mass.App.Ct. 108, 111 (2000). To determine if the language supports an express indemnification, this Court must interpret the language of the contract applying the ordinary and plain meaning of the language in question. Kelly v. Dimeo, 31 Mass.App.Ct 626, 629 (1991).
However, a contract provision is ambiguous “if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning *435 is the proper one.” Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998). The mere fact that parties disagree on the proper construction of contractual language, however, does not necessarily establish ambiguity. Lumbermens Mut. Cas. Co. v. Offices Unlimited, Inc., 419 Mass. 462, 466 (1995).
In the instant case, the primary language of the indemnity provision is broad and sweeping, imposing indemnification on McDonald to “the fullest extent of the law” for any and all suit, claims, actions, and demands.[4] Such broad and sweeping language has been found to impart full indemnity even where the general contractor was also negligent. Collins v. Kiewit Construction Co., 40 Mass.App.Ct. 796 (1996); Herson v. New Boston Garden Corp., 40 Mass.App.Ct. 779 (1996). The obligation to indemnify for “claims” has been interpreted to require payment of attorneys fees and costs even where the general contractor, the indemnitee, and the subcontractor, the indemnitor, prevailed over the claimant. Urban Investment and Development Co. v. Turner Construction Co., 35 Mass.App.Ct. 100 (1993). Under part 15 of the Subcontract, entitled “Subcontractor’s Liability,” the contract language in subpart a, b, and d all impose broad liability on the subcontractor, and all contain language consistent with full indemnification.
At the same time, however, subpart c of the indemnification clause contains potentially limiting language inserted by the parties after negotiation. “To the extent caused by” replaced “in whole or in part” potentially modifying the obligation imposed on McDonald. When an indemnification text conditions the indemnitee’s obligation on the act being caused “in whole or in part” by the acts or omissions of the indemnitee, the law is clear that the indemnitee is entitled to full indemnity of all costs even in light of its own negligence, as long as it was not solely responsible. Kelly v. Dimeo, 31 Mass.App.Ct. 626 (1992). The act of deleting “in whole or in part” in favor of “to the extent caused by” might imply that the parties intended something less than full indemnification of O’Connor-Dimeo. This Court, however, is not convinced that the only interpretation left for me to make as a matter of law is that of less than full indemnification based on an alleged effort to limit indemnification to some evaluation of degree of fault.
In fact, it is this Court’s opinion that as a matter of law there is no legal difference between the two clauses. Each imposes, as G.L.c. 149, §29C permits, a fault-based or caused-based indemnity. The handwritten language inserted in the contract is, in my opinion, legally ineffective at creating a fault-based indemnity. Therefore O’Connor-Dimeo is entitled to full indemnification, as long as the clause does not violate G.L.c. 149, §29C.
The statute voids clauses where the injury is “not caused by the subcontractor, its employees, agents, or subcontractors." Jones v. Vappi Co., Inc., 28 Mass.App.Ct. 77, 81-82 (1989); see Harnois v. Quannapowitt Dev., Inc., 35 Mass.App.Ct. 286, 288-89 (1993) (indemnification clause void because it required subcontractor to indemnify general contractor for injuries not caused by the subcontractor, its employees, agents, or subcontractors).
Here the indemnity provision limits the liability of the subcontractor to situations where its acts or omissions are the cause of the harm or injury. “The Subcontractor shall. . . hold harmless and indemnify . . . in any manner caused ... by the acts or omissions of subcontractor.” Appendix A.
Furthermore, the words “to the extent caused by” to this judge mean the same thing as the words “[caused] in whole or in part.” “Extent” in Webster’s Dictionary means the magnitude, range, or distance to which a thing extends, or the degree to which a thing extends.[5]
Extent in combination with caused by limits the liability of McDonald to injuries that are causally connected to McDonald’s conduct, or that of its assigns, subcontractors, and employees. Such a reading comports with the purposes and intention of indemnity clauses generally, and with the usage of “caused by” in G.L.c. 149, §29C. “Caused by” under §29C requires only causal connection of some kind, not actual negligence or fault. See Jones, 28 Mass.App.Ct. 77; Urban Investment and Development Co., 35 Mass.App.Ct. 100. This means that regardless of what was in the mind or minds or the parties when modifying the indemnity clause in question, it is enforceable pursuant to G.L.c. 149, §29C as a full indemnity.
Therefore, as the indemnity provision satisfies G.L.c. 149, §29C, the contract between O’Connor-Dimeo and McDonald creates a valid indemnity clause that does not run afoul of G.L.c. 149, §29C. The obligation created entitles O’Connor-Dimeo to full indemnification by McDonald.
ORDER
For the foregoing reasons, it is ORDERED that McDonald must indemnify O’Connor-Dimeo pursuant to the parties’ subcontract agreement. O’Connor - Dimeo’s motion for summary judgment on its cross claim for indemnification is ALLOWED.
APPENDIX A
The Indemnity clause has been reproduced below, the text appearing in strikethrough was inter-lineated on the original contract. The text appearing in bold was added by handwriting. Both inter-lineations and the additional text were initialed by the negotiating parties
15. Subcontractor’s Liability
c. To the extent caused, if any person (including employees or Subcontractor) suffers injury or death or any property is damaged, lost or destroyed, as a result, in whole or in part, of Subcontractor’s acts or omis *436 sions, whether or not involving negligence of Subcontractor, his employees, agents, or lower-tier subcontractors, Subcontractor assumes the liability therefor and shall to the fullest extent permitted by law indemnify and hold harmless therefrom the Owner and Contractor and their agents, servants, employees, successors, assigns, sureties and authorized representatives of any and all the foregoing from and against any and all suits, actions, legal or administrative proceedings, claims, demands, damages, liabilities, judgments, interest, attorney’s fees, costs and expenses of whatsoever kind or nature whether arising before or after completion of the work hereunder and in any manner caused in whole or in part to the extent caused by the acts or omissions of Subcontractor, its subcontractors or of anyone acting under its direction or control or on its behalf in connection with or incidental to its performance of its obligations under this Subcontract. Subcontractor’s assumption of liability herein includes but is not limited to assumption of all liabilities on account of or in any way related to Subcontractor’s work which Contractor has assumed under the Contract Documents or under agreement with third parties who may be affected by construction of the Project.

The text of relevant portion of the indemnify is reproduced in Appendix A.

See Appendix A for full text.

Extent — defined—la. The magnitude, range, or distance over which a thing extends, lb. The degree to which such a thing extends. 2. An extensive area or space. 3. Archaic — An assessment or valuation, as of land, esp. for taxation. 4. Law — A writ allowing a creditor to seize a debtor’s property temporarily. Webster’s II New College Dictionary, Houghton Mifflin Company 1999.