445 Mass. 675 (2006)                                    675

Spellman v. Shawmut Woodworking & Supply, Inc.; East Coast Fireproofing, Inc.

DAVID J. SPELLMAN, SR.,[1] & another[2] vs. SHAWMUT
WOODWORKING & SUPPLY, INC.[3]; EAST COAST FIREPROOFING,
INC., third-party defendant.

Suffolk. December 5, 2005. - January 3, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Practice, Civil,* Report. *Assignment. Workers' Compensation Act,* Exclusivity
provision. *Contract,* Indemnity, Subcontract, Construction of contract,
Performance and breach. *Indemnity.*

In the circumstances of a negligence action against a general contractor
(defendant), in which the defendant assigned to the plaintiffs (an injured
employee of the subcontractor and his family), as part of an agreement for
judgment in which the defendant was released from liability, its claims
against its subcontractor for contractual indemnification and breach of
contract, this court concluded that the assignment was valid and enforce-
able, and that any possibility of collusion or fraud was mitigated by plac-
ing with the plaintiffs the responsibility to prove, in addition to their
underlying claims against the contractor for negligence and loss of
consortium, their assigned claims and damages in full. [679-684]

CIVIL ACTION commenced in the Superior Court Department on
August 20, 1999.

Motions to amend and to dismiss a third-party complaint
were heard by *Elizabeth M. Fahey,* J., and questions of law
were reported by her to the Appeals Court. The Supreme Judicial
Court on its own initiative transferred the case from the Appeals
Court.

*John B. Glynn (William T. Harrington* with him) for East
Coast Fireproofing, Inc.

*Andrew S. Wainwright* for the plaintiffs.

*Mark B. Lavoie* for Shawmut Woodworking & Supply, Inc.

---

[1] Individually and as parent and next friend of David J. Spellman, Jr., and
Anthony Spellman.

[2] Frances Spellman.

[3] Also known as Shawmut Design & Construction.

*Myles W. McDonough*, for Associated Subcontractors of Massachusetts, Inc., amicus curiae, submitted a brief.

GREANEY, J. We transferred this case here on our own motion to consider the correctness of certain pretrial decisions and related questions reserved and reported by a Superior Court judge to the Appeals Court. The report pertains to the validity and enforceability of an assignment of a general contractor's claims (for contractual indemnification and breach of contract) against its subcontractor to an employee of the subcontractor who was injured on the job. We conclude that the assignment is valid and the assignees, here the plaintiffs, must prove their assigned claims and damages in full.

The parties have stipulated to the relevant facts, which we supplement with undisputed facts taken from the record. The plaintiff David J. Spellman, Sr. (Spellman), an employee of East Coast Fireproofing, Inc. (East Coast), a subcontractor, was injured on August 23, 1996, while working at a construction site. Spellman received workers' compensation benefits from East Coast's workers' compensation insurer, and he, his wife, and two sons sued the general contractor, Shawmut Woodworking & Supply, Inc. (Shawmut), claiming that Spellman's injuries were caused by Shawmut's negligence[4] and asserting claims of loss of consortium.

Prior to Spellman's injuries, Shawmut and East Coast had entered into a subcontract. Among its provisions is the following indemnification provision:

> "[T]o the fullest extent permitted by applicable law, Subcontractor [East Coast] agrees to defend, indemnify and hold harmless Owner, the Architect/Engineer, Contractor [Shawmut] and anyone else required by the Contract Documents, from and against any and all claims, damages or loss (including attorney's fees) arising out of or resulting from any work of and caused in whole or in part by

---

[4]The plaintiffs allege that Shawmut Woodworking & Supply, Inc. (Shawmut), failed to exercise reasonable care in taking all necessary precautions for ensuring the safety of the employees working at the construction site, including a failure properly to supervise, manage, and direct its subcontractors in observing, executing, and enforcing all Federal, State, and private contractual obligations pertaining to job site safety and accident or injury precaution.

445 Mass. 675 (2006)                                    677

Spellman *v.* Shawmut Woodworking & Supply, Inc.; East Coast Fireproofing, Inc.

an[y] negligent act or omissions of [East Coast] or those employed by it, or working under those employed by [it] at any level, regardless of whether [or] not caused by a party indemnified hereunder."[5]

Shawmut filed an answer to the plaintiffs' complaint, and then gave notice of its request for defense and indemnification to East Coast's liability insurer, Pacific Insurance Co. Thereafter, Shawmut filed a third-party complaint against East Coast, claiming that, in its subcontract with Shawmut, East Coast had expressly agreed to indemnify Shawmut, and asserting a breach of contract claim for East Coast's failure to name Shawmut as an additional insured.

The parties engaged in discovery. A final pretrial conference occurred, and a trial date was set and once rescheduled. A few weeks before the scheduled trial date, Shawmut and the plaintiffs entered into an agreement for judgment in the amount of $300,000 that contained a waiver of "all rights of appeal." The agreement for judgment was filed with the court pursuant to Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977), and provides:

> "By Agreement of the plaintiffs and [Shawmut], Judgment hereby enters in favor of [Spellman] in the amount of Two Hundred and Eighty Thousand Dollars on Count One, in favor of plaintiff Frances Spellman in the amount of Nineteen Thousand, Nine Hundred and Ninety-Eight Dollars on Count Two, and in favor of plaintiffs David J. and Anthony Spellman in the amount of Two Dollars in Count Three, the plaintiffs and [Shawmut] waiving all rights of appeal."

East Coast unsuccessfully moved to strike the agreement for judgment. In connection with the proceedings on this motion, Shawmut and the plaintiffs disclosed that they, together with Shawmut's insurer, approximately one month before filing the agreement for judgment, had entered into an "Assignment of

---

[5] In their amended complaint, the plaintiffs allege that, in its subcontract with Shawmut, East Coast Fireproofing, Inc. (East Coast), agreed to obtain certain insurance to protect Shawmut for any work performed under the contract documents and to name Shawmut as an additional insured.

Rights and Agreement Not to Pursue Satisfaction Under Agreement for Judgment" (assignment). In the assignment, which by its terms was to have the effect of a sealed instrument, Shawmut, in exchange for one dollar and "other good and valuable consideration," assigned to the plaintiffs "any and all rights and claims it has brought or may have against [East Coast] arising out of or resulting from Plaintiffs' claims against [Shawmut] for personal injuries suffered on or about August 23, 1996, [including] whatever rights [Shawmut] has or may have against East Coast for . . . contractual indemnification, . . . legal expenses, negligence, [and] breach of contract." In return, the plaintiffs agreed "that they will seek satisfaction of the [agreement for judgment] solely from the proceeds of [Shawmut's] claims or rights assigned to the Plaintiffs . . . and that they will not collect or seek to collect any or all of the [agreement for judgment] from [Shawmut]." The assignment stated that it was not to be construed as an admission of liability on the part of Shawmut, "liability [which] has been and continues to be expressly denied." There is no evidence that East Coast had any notice of either the assignment or the agreement for judgment prior to its receipt of notice that the agreement for judgment had been docketed.

Neither Shawmut nor its insurer has paid anything to the plaintiffs to satisfy the agreement for judgment. Shawmut has incurred approximately $35,121 in attorney's fees in defense of this matter.[6]

Approximately ten months after East Coast's motion to strike was denied, the plaintiffs sought leave to amend their complaint to add East Coast as a primary defendant so that, as recent assignees, they could "pursue the contractual indemnification [and breach of contract] claims that Shawmut had against East Coast." East Coast opposed the motion to amend the complaint on the grounds that, among other issues, the motion was the product of undue delay and would prejudice East Coast, and that, based on the terms of the assignment, Shawmut incurred no liability or monetary exposure, an event that must occur

---

[6]East Coast stipulated to the amount for purposes of the reservation and report only, and reserved the right to challenge the amount in any future proceedings.

before East Coast can be liable. East Coast also maintained that the plaintiffs should not be permitted to circumvent their evidentiary burden of proving that Shawmut was negligent and that Shawmut's negligence was the proximate cause or a substantial factor resulting in Spellman's injuries.

East Coast then filed a motion to dismiss Shawmut's third-party complaint. In the motion, East Coast asserted that the plaintiffs cannot recover $300,000 from East Coast because, by reason of the plaintiffs' agreement in the assignment not to collect the settlement amount from Shawmut, Shawmut has not incurred an actual loss and, as a consequence, the $300,000 amount is illusory. East Coast also alleged that enforcing the assignment would be prejudicial and would contravene both G. L. c. 149, § 29C, and G. L. c. 152. In their opposition, the plaintiffs challenged East Coast's arguments and maintained that no actual loss is necessary under the indemnification provision.

The judge allowed the plaintiffs' motion to amend, denied East Coast's motion to dismiss Shawmut's third-party complaint against East Coast, and reserved and reported the correctness of her decisions to the Appeals Court. In her reservation and report, she also submitted several questions of law for consideration. The judge stayed all further proceedings.

1. The correctness of the judge's decisions (allowing the plaintiffs' motion to amend and denying East Coast's motion to dismiss Shawmut's third-party complaint) turns on whether the assignment is valid and enforceable. We separately address each consideration, noting that we need not answer the reported questions "except to the extent that it is necessary to do so in resolving the basic issue." See *McStowe* v. *Bornstein,* 377 Mass. 804, 805 n.2 (1979).

a. We have a situation where, because Spellman collected workers' compensation benefits, the plaintiffs are barred by the exclusivity provision of the Workers' Compensation Act from directly suing East Coast for negligence. See G. L. c. 152, § 23; *Liberty Mut. Ins. Co.* v. *Westerlind,* 374 Mass. 524, 526 (1978) (employer who pays workers' compensation benefits that are collected by employee injured during the course of his employment is released under G. L. c. 152, § 23, from all possible resulting tort claims). At the same time, there is no question

that, under Massachusetts law, the general contractor, Shawmut, is free to seek to enforce any contractual indemnification rights it has against East Coast. See *Whittle* v. *Pagani Bros. Constr. Co.*, 383 Mass. 796, 799-800 (1981), citing 2A A. Larson, Workmen's Compensation §§ 76.00, 76.41 (1976 & Supp. 1981). East Coast argues that, while Shawmut may directly seek to enforce its contractual indemnification rights (and claim for breach of contract), Shawmut cannot assign these claims to the plaintiffs because doing so in these circumstances (where the plaintiffs and Shawmut executed an agreement for judgment in a specified amount and where the plaintiffs also agreed not to seek satisfaction of the agreed-on judgment from Shawmut) violates public policy.

East Coast correctly contends that, to recover under the indemnification provision, there must be a showing that Spellman's injury was caused, at least in part, by East Coast's negligence. Under G. L. c. 149, § 29C,[7] for the indemnification provision to be enforceable, the subcontractor's action or inaction must have been a cause of the injury, that is, must have "brought about or provoked the mishap." *Johnson* v. *Modern Continental Constr. Co.*, 49 Mass. App. Ct. 545, 546-547 (2000).[8] The indemnification provision limits the indemnification obligation further by prohibiting indemnification for "claims, damages or loss" due to the indemnitee's (Shawmut's) sole negligence by expressly requiring a "negligent act or om-

---

[7]General Laws c. 149, § 29C, provides in relevant part:

"Any provision for or in connection with a contract for construction . . . which requires a subcontractor to indemnify any party for injury to persons . . . not caused by the subcontractor or its employees . . . shall be void."

[8]"The language of G. L. c. 149, § 29C, no longer requires a finding of the subcontractor's negligence in order to trigger a subcontractor's liability under an indemnity provision in a construction subcontract." *Johnson* v. *Modern Continental Constr. Co.*, 49 Mass. App. Ct. 545, 547 (2000). The statute in no way "prohibit[s] contractual indemnity arrangements whereby the subcontractor agrees to assume indemnity obligations for the entire liability when both the subcontractor and the general contractor or owner are causally negligent," *Herson* v. *New Boston Garden Corp.*, 40 Mass. App. Ct. 779, 788 (1996), or, under the current standard, "brought about or provoked the mishap," *Johnson* v. *Modern Continental Constr. Co., supra.*

445 Mass. 675 (2006)                      681

Spellman *v.* Shawmut Woodworking & Supply, Inc.; East Coast Fireproofing, Inc.

mission[] of [East Coast] or those employed by it." Cf. *Collins v. Kiewit Constr. Co.*, 40 Mass. App. Ct. 796, 798-799 (1996) (explaining that, under indemnification clause that required subcontractor to indemnify for " 'injur[y] . . . on account of acts or omissions of . . . any of its . . . employees' . . .[, t]he only contractual limitation is for an injury caused by the *sole* negligence of an indemnitee [the general contractor]"). East Coast, however, overlooks the fact that there need not be reliance on a common-law imputation of Spellman's negligence to East Coast. See *id.* at 798. Rather, the reliance will be on East Coast's *contractual undertaking*. See *id.* Further, as stated in the indemnification provision, the indemnification obligation applies "to the fullest extent permitted by applicable law." Last, the noted limitations on the indemnification provision have no bearing on the validity of the assignment, which is a contract to be interpreted according to ordinary rules of contract interpretation, see *Larabee* v. *Potvin Lumber Co.*, 390 Mass. 636, 641 (1983).

With respect to the agreement for judgment and the covenant in the assignment not to pursue satisfaction of the agreement, we have held (following the majority rule), admittedly in different circumstances, that such devices do not operate to invalidate an otherwise valid assignment. See *Campione* v. *Wilson*, 422 Mass. 185, 190-192 (1996), and cases cited. This is so even where the assignee (here, Shawmut) suffers no tangible damages. *Id.* at 189-190.

As in the *Campione* decision, we do not overlook the possibility of collusion or fraud. These risks, however, are mitigated by "[p]lacing with the plaintiffs the responsibility of proving their assigned claims in full," as well as damages, and by permitting defendants, such as East Coast, "to suggest the issue of collusion, and if a satisfactory basis exists, to argue it to the fact finder." *Id.* at 193. The risk of fraud and collusion also is offset by important policy considerations such as encouraging settlement agreements, see *Polaroid Corp.* v. *Travelers Indem. Co.*, 414 Mass. 747, 765 (1993); by settled law that most contract claims are assignable, see *Rubenstein* v. *Royal Ins. Co.*, 45 Mass. App. Ct. 244, 246 (1998); by settled law that contracts not to sue (or, by analogy, contracts not to satisfy judgments)

are usually valid, see 29 S. Williston, Contracts § 73:5 (4th ed. 2003); and by a permissible objective on the part of a general contractor to shift the financial consequences of risks arising in the performance of a construction contract to another entity (an entity that can protect against such risks by obtaining insurance, a measure Shawmut contends that East Coast was obligated, but failed, to do), see *Collins* v. *Kiewit Constr. Co.*, *supra* at 800 (noting parties may negotiate indemnity clauses and may "adjust to any unequal bargaining power by the assumption of the burdens of insurance coverage"). In this case, the risks are mitigated by the fact that there will be no contractual claim or loss for which East Coast must provide indemnity if the plaintiffs do not prevail on their underlying negligence and loss of consortium claims against Shawmut. Because Shawmut did not admit liability in the assignment, there is no risk of any adverse impact to defenses East Coast may choose to assert (to the validity of either the indemnification provision or the assigned claims). Further, discovery was conducted prior to the execution of the agreement for judgment and the assignment. Were Spellman to change his version of events now, any variation or inconsistency in his testimony could weaken his credibility and could be used to impeach him at trial.

By upholding the assignment, the plaintiffs step into the shoes of Shawmut and may assert against East Coast only those claims that Shawmut had against East Coast, namely claims for contractual indemnification and breach of contract. See *Grise* v. *White*, 355 Mass. 698, 701 (1969). We agree that "[t]here is nothing that prohibits or prevents a party from contractually agreeing to greater liability than would have been provided by law." *Byrne* v. *Sealy & Co.*, 742 So. 2d 668, 671 (La. Ct. App. 1999). The assignment does not change East Coast's potential exposure; it only affects the party to whom payment must be made if liability and damages are proved.[9]

b. The enforceability of the assignment is not limited by the

---

[9]We are cognizant of the significant financial exposure faced by subcontractors. As noted by one respected commentator, several States have enacted legislation prohibiting a right of "recovery-over" against an employer, including by indemnity, in the absence of a written agreement made prior to any injury. 7 A. Larson, Workers' Compensation Law § 121.04[4] (2005). Any changes affording greater protection to subcontractors in this area involve

amount specified in the agreement for judgment. The agreement for judgment is not enforceable against East Coast. East Coast was not a party to the agreement, and as previously explained, in order to minimize the risks of fraud and collusion with respect to the assignment of the contractual indemnification obligation, the plaintiffs must prove, in addition to their underlying claims against Shawmut for negligence and loss of consortium, their assigned claims, establishing liability and damages. See *Campione* v. *Wilson, supra* at 193, and cases cited. Only then may the plaintiffs collect pursuant to the indemnification provision. Any holding to the contrary would permit a contrived judgment.[10]

Our decision in *Fireside Motors, Inc.* v. *Nissan Motor Corp. in U.S.A.*, 395 Mass. 366 (1985), does not require a different result. In that case, a customer alleged that she was injured when the seat belt system in her automobile, that she purchased from Fireside Motors, Inc. (Fireside), failed during a collision. *Id.* at 368. She sued Fireside and the distributor. *Id.* at 367. Fireside settled with the customer and then brought an indemnification action against the distributor and manufacturer under various theories, but not pursuant to an "explicit contractual right to indemnification." *Id.* at 369 n.2.

In connection with Fireside's claim for common-law tort indemnification, the court rejected the defendants' claim that the action was barred because Fireside failed to give them timely notice of the underlying action involving the original plaintiff. *Id.* at 371. We concluded that the failure to give timely notice "merely imposes on the person seeking indemnity the burden of litigating the facts supporting the indemnitor's primary liability to the original plaintiff and giving rise to the indemnity relationship itself," and "imposes on the indemnitee the burden of proving that the original settlement was reasonable in all the circumstances." *Id.* at 371, 372. We reject Shawmut's contention that it necessarily follows that, if proper notice is given to

an examination of competing interests and policy considerations, and is better left to the Legislature. See *Liberty Mut. Ins. Co.* v. *Westerlind*, 374 Mass. 524, 527 (1978).

[10]We reject East Coast's suggestion that damages should be limited to Shawmut's defense costs. By its terms, liability under the indemnification provision is not limited to actual losses but, rather, extends to "*claims*, damages or loss (including attorney's fees)" (emphasis added).

an indemnitor who neglects to defend, then the indemnitor should be held liable for the settlement amount. The conclusion is not one appropriately drawn in a case such as this, where the indemnitee (Shawmut) has executed an indemnification provision that only applies if it can be shown that Spellman's injuries were caused, at least in part, by East Coast's negligence. Until such proof is established, the indemnification provision, with its concomitant duty to defend, does not apply. Further, in *Fireside Motors, Inc.* v. *Nissan Motor Corp. in U.S.A.*, *supra* at 368, Fireside paid the settlement and did not enter into an agreement with the injured customer never to pay the settlement, as was the case here between Shawmut and the plaintiffs.

2. The assignment is valid. Consequently, the plaintiffs' motion to amend was properly allowed. However, the plaintiffs and Shawmut should not both be able to assert the same claims (contractual indemnification and breach of contract) against East Coast. Because the assignment is valid, the assignees, the plaintiffs, may properly assert those claims in their amended complaint, and East Coast's motion to dismiss Shawmut's third-party complaint against it is to be allowed.

3. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*