MacDonald, D. Lloyd, J.
Before the Court are the motion of the third-party defendant MM Six Corp. (“MM Six”) for summary judgment and the cross motions for summary judgment of defendants Tedeschi Food Shops, Inc. (“Tedeschi”) and William Gilmartin Trustee (“Gilmartin”). The Court DENIES MM Six’s motion, ALLOWS INPARTthe cross motion ofTedeschi and ALLOWS Gilmartin’s cross motion.
Pertinent Facts
The case arises from an accident that the plaintiff Ellen Chavarria (“Chavarria”) had while employed by MM Six Corporation on the premises at 12-16 Maverick Square in East Boston. The owner of the premises was Gilmartin. The principal tenant of the 3600-square-foot premises was Tedeschi, which operated a Store 24 convenience store there. In turn, Tedeschi subleased a 240-square-foot portion of the ground floor of the premises to MM Six. MM Six operated a Honey Dew Donuts franchise (“Honey Dew”) on the site.
The Honey Dew operation was located in a single comer of the ground floor otherwise inhabited by the Store 24 operation. In addition, MM Six rented an approximately 48-square-foot area of the basement, immediately adjacent to the stairs accessing the basement from the ground floor. In that area was a closet and shelves for storage of Honey Dew’s supplies.
The plaintiff, who was a Honey Dew cashier, allegedly slipped and fell on a loose board at the bottom of the basement stairs as she went down to the basement in the course of her employment to retrieve some supplies.
Chavarria filed a workers’ compensation claim against MM Six as her employer, and she thereafter received benefits from MM Six’s comp carrier. She then brought a third-parly action against Gilmartin and Tedeschi, claiming that they caused her accident on account of their negligent maintenance of the premises. Gilmartin and Tedeschi cross claimed against MM Six.
Tedeschi’s lease with Gilmartin was for the entire premises. It was originally executed in 1987 and has been extended several times according to its terms. Other than reciting a covenant for quiet enjoyment and obligations to maintain the building in compliance with local building and zoning codes and to “maintain in good repair and condition the structure of the building,” Gilmartin had no further obligations material to the dispute at issue.
In addition to its covenant to pay rent, Tedeschi agreed to “keep in reasonable condition the non-structural elements of the interior of the building . . . including . . . the roof covering of the said building.” Tedeschi also obligated itself to secure and maintain a general public liability insurance policy in the amount of $2 million “for personal injury, death or property damage . . . attributable to [its] negligence.”
The Tedeschi/Gilmartin lease was referred to as the “Overlease” in the sublease executed between Tedeschi and MM Six.
Tedeschi’s sublease with MM Six in pertinent part provided that MM Six was in turn obligated to secure and maintain a comprehensive general public liability policy to a limit of $2 million “for the benefit of the LESSEE, with LESSOR [Tedeschi], and Lessor under the Overlease [Gilmartin] ... to be designated as additional insureds.” Certificates of such insurance were to be deposited with Tedeschi at or prior to the commencement of the tenancy.
In a Rule 30(b)(6) deposition MM Six’s representative acknowledged that she inadvertently failed to add Tedeschi and Gilmartin as named insureds on MM Six’s policy.
The sublease further contained the following indemnification provision:
[LESSEE] will defend and save LESSOR harmless and indemnified, to the maximum extent permitted by law, from and against any and all loss, cost or expense (including attorneys fees), and any and all injury, loss, claim or damage to any person or property, on account of any act, condition or accident, however caused (except by any deliberate misconduct or gross negligence of LESSOR), occurring or existing on or about the Demised Premises or any area allocated to or used exclusively by LESSEE or anyone claiming through or under LESSEE, or, if arising out of LESSEE’S use or occupancy of the Demised Premises, occurring or existing on or about the area appurtenant or adjacent to the Demised Premises, or any other appurtenances, or parking or other common areas used in connection therewith, and from and against any and all other loss, cost, damage, expense, or liability arising from any act, omission, neglect or default of *175 LESSEE or LESSEE’S contractors, licensees, invitees, customers, agents, licensees, invitees, customers, agents, servants or employees, or any person or entity claiming by or through LESSEE or the contractors, licensees, invitees, customers, agents, servants, or employees, of any such person or entity;
The Tedeschi/MM Six sublease also contained the following non-waiver clause: “That the waiver of one breach of any term, condition, covenant, obligation or agreement of this lease shall not be considered to be a waiver of that or any other term, condition, covenant, obligation or agreement or any subsequent breach thereof.”
Finally, the sublease included a severability provision: “(I]f any provision of this lease or portion of such provision or the application thereof to any person or circumstance is held invalid, the remainder of the lease (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby, and each and every provision, in whole or in part, of this lease shall be enforceable to the fullest extent permitted by law.”
Summary Judgment Standard
Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56 (c); Casseso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not bear the burden of proof at trial, it must either: 1) submit affirmative evidence negating an essential element of the non-moving party’s claim; or 2) demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourovacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
The non-moving party may not defeat the motion for summary judgment by resting merely on the allegations and denials in its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is agenuine issue for trial. Mass.R.Civ.P. 56 (e). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Pederson, 404 Mass. at 17.
The court will interpret all inferences in the light most favorable to the non-moving party. Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 438 (1995). However, conclusoiy statements or argumentative assertions will not suffice. Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 727-28 (finding insufficient “bare assertions and conclusions regarding the [party’s] understandings, beliefs and assumptions”).
Discussion
(1) MM Six’s Motion
MM Six submits that both Tedeschi’s and Gilmartin’s indemnification claims, based as they are on the indemnification language of the sublease, are barred because the provision is void as a matter of law on account of G.L.c. 186, §15 (“Any provision of a lease ... by the use of any words whatsoever, the effect of which is to indemnify the lessor or landlord or hold the lessor or landlord harmless . . . from any or all liability to the lessee or tenant, or to any other person, for any injuiy, loss, damage or liability arising from any omission, fault, negligence or other misconduct of the lessor or landlord on or about the leased or rented premises . . . shall be deemed to be against public policy and void").
Tedeschi and Gilmartin respond that the statute only applies to residential tenancies.
Judge Brassard of this court rejected a similar argument in Hurwitz v. Summers Mass. Family LLC, 15 Mass. L. Rptr. 29, 2002 Mass.Super. LEXIS 245 and held that the statute “is applicable to commercial leases.”
However, the SJC’s recent decision in Humphrey v. Byron, 447 Mass. 322 (2006), rejected any departure from the longstanding principle that a commercial landlord in the ordinary course is not liable for injuries occurring on its leased premises. The Court explicitly refused to extend to commercial landlords the holding of Young v. Garwacki, 380 Mass. 162 (1980) (residential landlords have a non-delegable duty to persons lawfully on the premises to prevent unreasonable risk of harm). Humphrey, 447 Mass. at 323.
Humphrey's stated rationale was twofold. First was the recognition “that there are significant differences between commercial and residential tenancies and the policy considerations appropriate to each.” Id. at 326, quoting Wesson v. Leone Enters., Inc., 437 Mass. 708, 719 (2002). Second, the “notions of consumer protection [the policy interests of which underpinned the outcome in Young] have no applicability to dealings between businesses.” 447 Mass. at 327. A similar rationale would argue for a construction of G.L.c. 186, §15 such as to carve out an exception for commercial leases like those at issue here negotiated between sophisticated business entities.
However, at this juncture it is unnecessary to make that judgment because the statute only applies to indemnification provisions that absolve the indemni-tee landlord from its own negligence. The MM Six sublease, as recited above, contains a severability provision that preserves the effectiveness of residual provisions of the lease once the offending terms are removed. Accordingly, at a minimum, Tedeschi’s and Gilmartin’s claims survive to the extent that they are *176 based on a theoiy of the plaintiffs injuries having been caused by MM Six’s or others’ negligence derivatively attributable to Tedeschi or Gilmartin.[1]
Thus, MM Six’s motion for summary judgment is DENIED.
(2) Tedeschi’s and Gilmartin’s Cross Motions (a) Failure to Add as Named Insureds
Tedeschi and Gilmartin seek judgment against MM Six on so much of their cross complaints as allege breach of contract by MM Six on account of MM Six’s failure to have added them as named insureds on MM Six’s general liability policy with regard to the premises.
It was noted above that MM Six concedes that it failed to comply with that provision of the lease. Yet MM Six opposes the motions on various grounds.
First, MM Six submits that there is a material issue of fact as to whether Tedeschi and Gilmartin waived their rights by failing to have insisted on compliance with that portion of the lease that required MM Six to deposit certificates of such insurance with Tedeschi at or prior to the commencement of the tenancy. Such a defense is to no avail, however, because of the explicit text of the anti-waiver provision quoted above.
MM Six further challenges the motions on the basis of there being an open factual issue as to whether the accident occurred on the “Demised Premises.” There is no factual issue, though, as to where the accident occurred: It happened at the bottom of the stairs leading from the ground floor retail area to the basement immediately adjacent to MM Six’s closet/storage area for its Honey Dew supplies. MM Six’s employees necessarily had to use the stairs to reach its 48 square feet of leased basement space. At the least, the stairs were “appurtenant” to the leased space and thus comprised part of the Demised Premises.
MM Six also challenges Tedeschi’s entitlement to relief on the contract claim because Tedeschi’s had a general liability insurance policy in place and, therefore, Tedeschi’s has not suffered, and has no prospect of suffering, any recoverable loss. MM Six cites no Massachusetts authority for the proposition that under such a scenario the damages element of a contract claim is absent. Instead, MM Six relies on New York law. However, the New York authority MM Six submits in support, Rosario Inchaustegui v. 666 5th Avenue L.P., 96 N.Y.2d 111 (2001), was a case that addressed only the measure of damages where a tenant failed to comply with a lease obligation to obtain general liability insurance. The New York Court of Appeals did not question the existence of liability in such circumstances. If none other than its out-of-pocket and administration-related costs arising from the need to address the wrongful absence of coverage through MM Six’s insurance carrier, Tedeschi suffered injury. The extent of the same can be addressed at an assessment of damages hearing.[2]
Accordingly, Tedeschi’s cross motion as it relates to its breach of contract claim with regard to its being a named insured is ALLOWED.
As to Gilmartin’s motion as to the named insured issue, MM Six argues further that there is an open factual issue as to whether Gilmartin has a valid claim as a third-party beneficiary of that provision of MM Six’s sublease with Tedeschi. With the insurance issue having been joined on summary judgment and with the texts of the MM Six sublease with Tedeschi and the Overlease before the Court, MM Six cannot rest on “(c)onclusory statements or argumentative assertions.” Key Capital Corp. v. M&S Liquidating Corp., supra, at 727-28. MM Six has presented no evidence that contradicts the otherwise clear import of the provision at issue as being intended for the benefit of Gilmartin. By the terms of Article VIII of MM Six’s lease with Tedeschi, it is “subject and subordinate in all respects to the Overlease.” Conclusive is the text of the MM Six sublease at Article IV(K), specifically stating that the insurance undertaking is “for the benefit of . . . Lessor under the Overlease.” See generally Rae v. Air-Speed, Inc., 386 Mass. 187, 194-95 (1982).
Thus, Gilmartin’s cross motion as it relates to its breach of contract claim with regard to him being a named insured is ALLOWED.
(b) Indemnification
Tedeschi seeks summary judgment, as well, on its indemnification count, citing the text of the indemnification provision of the sublease. As reviewed earlier, MM Six submits that the provision is void ab inititio on account of G.L.c. 186, §15. However, as indicated above, the Court is reserving a ruling on that issue. Thus, the Court DENIES so much ofTedeschi’s motion as relates to the obligation of MM Six to indemnify for injury caused by lessor’s and landlord’s respective alleged negligence. However, because there is no material issue of fact as to the applicability of the provision with respect to claims other than those arising from the negligence of Tedeschi and Gilmartin, the Court ALLOWS Tedeschi’s motion with regard to indemnification of those alleged losses and those expenses reasonably related to claims based on others’ negligence for which Tedeschi may be vicariously liable.
ORDER
The third-party defendant MM Six’s motion for summary judgment is DENIED. The defendant Tedeschi’s motion for summary judgment on its cross claim against MM Six is ALLOWED as to its breach of contract claim and as to its indemnification claim with respect to those losses and expenses reasonably related to claims based on MM Six’s or others’ negligence derivatively attributable to Tedeschi but is otherwise DENIED. The Defendant Gilmartin’s motion for sum-maiy judgment as to his breach of contract claim is ALLOWED.

Although MM Six’s liability to Chavarria was settled via her entitlement to Workers’ Compensation, the exclusivity provision of c. 152, §23 that might otherwise protect it from third-party claims are inoperative here because Tedeschi’s and Gilmartiris actions rest on theories of “express contract indemnities.’’ Whittle v. Pagani Bros. Const. Co., Inc., 383 Mass 796, 798 (1981). Accord Spellman v. Shawmut Woodworking & Supply, Inc., 445 Mass. 675, 679-80 (2006).

MM Six does not press such a defense to Gilmartiris contract claim. Gilmartiris statement in his affidavit that he has no insurance in place was unanswered by MM Six.